## Daniel Sheehan v. John M. Dalrymple.

*Joint owners of a vessel: Liability to each other for repairs.* Joint owners of a vessel are bound to pay each his own share of the expense of repairs ; and, without clear evidence of a special agreement to the contrary, the law will imply a promise to pay accordingly.

Expenditures made in Canada by one of two parties jointly interested, and paid in Canada money, .entitle the party who made them to recover at the rate of what the Canada money cost, provided it did not exceed the market rate in our currency.

*Charge of the Court: Ambiguous: or immaterial.* When a charge is expressed in ambiguous language, if it be apparent, in view of the evidence, that the jury could not have been misled, the judgment rendered on the verdict will not be disturbed.

Nor, when the charge is erroneous, if it be clear, that the plaintiff in error could not have been injuriously affected by the error.

*Heard October 12. Decided October 19.*

Error to Wayne Circuit.

Dalrymple brought assumpsit against Sheehan in the Circuit Court for the County of Wayne, and declared on the common counts for money loaned to defendant, and expended in making repairs upon a vessel jointly owned by

them. The defendant pleaded the general issue and gave notice of a set off, and that the items set forth in plaintiff's bill of particulars were partnership debts contracted by the plaintiff and defendant as partners, mutually interested in the business of the brig Sunbury, and part owners of said brig, for, and on behalf of which they were contracted.

The jury found for the plaintiff; and the defendant below brings the judgment entered on the verdict into this court by writ of error.

*Moore* & *Griffin,* for plaintiff in error.

*L. Bishop,* for defendant in error.

CHRISTIANCY J.

Plaintiff and defendant were equal owners of the brig Sunbury, which they purchased in the winter of 1868 while she was lying at Port Robinson in Canada, which needed repairs before bringing her out, and which they intended to run and did run during the following season of navigation, Sheehan, the defendant below, being the managing owner; and the plaintiff advancing money from time to time for such repairs, as well as for crockery and tinware and other small items of expense which became necessary in fitting her out for the season's business, for taking out the necessary papers at the Custom House, and one small item of expense incurred in running the vessel.

When the various bills were presented, the half of which is here in controversy, or it became necessary to pay them, the defendant called upon the plaintiff for money to pay them, and he handed the whole amount to the defendant to meet the bill, or paid it himself at the request of the defendant.

Plaintiff claimed on the trial, and his testimony tended to show, that the half of each of the sums so paid by him

was, by the understanding and agreement of the parties, a loan to the defendant which he was to repay to the plaintiff.

On the part of the defendant, it was insisted in the Court below, and the same ground is relied upon here, that there was no such understanding or agreement, but that the parties were partners, that the sums were advanced in the partnership business, that the partnership accounts were unsettled, and therefore the plaintiff's action could not be maintained.

There was no evidence tending to show that they purchased or owned the vessel as partners. As part owners of the vessel they were therefore tenants in common and not partners; and since the repairs in question became a part of the vessel, each would be bound to pay his own share of the expense of such repairs. And without clear evidence of an express agreement to the contrary, the law would imply a promise by the defendant to repay to the plaintiff any sum paid by the latter beyond his half of such repairs, as for so much money paid for the defendant, and at his request.

The defendant, who was sworn in his own behalf, gave evidence tending to show that the parties were partners in the business of *running the vessel for the season*, each to have one-half of the earnings after the bills were paid, and that they were to fit her out for that purpose as partners —that is, as we understand the testimony, to furnish the necessary outfit for running the vessel, such as crockery, tinware, etc.

So far, therefore, as depended upon his testimony, it would be clear that the small items of $4 14 for expenses of defendant's trip on the business of the vessel, $5 for crockery, $1 18 for a tin pan, and $61 73 paid at the Custom House for the vessel's papers, would be partnership items, for which the plaintiff could not recover, without some express agreement of the defendant to pay.

19 MICH.—E².

But we do not think there was anything in the defendant's testimony, or any other evidence in the cause, which when carefully considered, tends to show that the parties were partners in the expenses of the repairs in question. Nor that the plaintiff, as to the sums paid by him for such repairs, beyond his half, agreed to look to the vessel or its earnings alone for reimbursement. There was, therefore, in our opinion, no evidence tending to defeat the plaintiff's claim for the surplus beyond his share, paid by him for such repairs.    And this included much the larger part of the contested portion of his claim — all of it, in fact, except about thirty-six dollars.   In this state of the evidence the counsel for the defendant (plaintiff in error) requested the Court to charge, in substance, that if the jury should find from the evidence that the second item in the plaintiff's bill of particulars—which was for repairs—was paid out for the benefit and use of the vessel, plaintiff could not recover.

If, by payment "for the benefit and use  of the vessel" was here intended a payment made with the understanding that plaintiff was only to look to the vessel or its earnings for reimbursement, there was no evidence in the cause to warrant such a charge.  If the  request was intended to assert that the plaintiff could not recover because the money was used to repair the vessel, such a charge would have been bad in law : and in either view  the charge  would have been erroneous.   The Court did, in fact, err  in the qualified charge given in answer to this request, by assuming that it was competent for the  jury  to find, that  the  advance in question (for repairs) was made directly to, or on the sole credit of the vessel; since there was no  evidence upon which such a fact could have been found; but this being an error operating in favor of the defendant, he cannot complain of it.

Defendant also asked a charge that " to entitle the

plaintiff to recover, he must satisfy the jury that there was a special agreement between the parties, that the several items paid out by the plaintiff, were a personal loan to defendant as to half the amount; that the burden of proof was upon the plaintiff to show this."

This was asking a general charge applicable alike to the items for repairs and those for the outfit and running of the vessel. A charge which, though right as to the latter, would have been wrong as to the former, and therefore, as a whole erroneous.

But the Court in the qualified charge in answer to this request refused to charge that such special agreement was necessary, and held that an implied agreement to this effect would be sufficient. We think from the context and an examination of the whole charge, that the Court did not mean, by an implied agreement, the agreement of a defendant to pay, which the law in an action of assumpsit implies from a duty to pay; but only that it was competent for the jury to find from the previous dealings between the parties, as to a loan made by plaintiff to the defendant, that the advances here in question, were also impliedly understood when made, to have been made as a loan. In other words that they might in this way infer an actual agreement. We are satisfied the jury must so have understood the charge; and in this sense we see no error in it. The only error in the charge was the same contained in the request and induced by it, that of connecting all the claims of the plaintiff together, without distinguishing between them. But of this defendant cannot complain.

The fifth and sixth requests are based upon the assumption that the jury might find the parties were partners as to the repairs. There being no evidence to warrant such a finding, these requests were erroneous; though the Court charged the sixth without, and the fifth with, a qualifica-

tion, and thereby erred in favor of the defendant and not to his prejudice.

The seventh request rests upon a like fallacy and need not be specially noticed.

The evidence tended to show that the repairs were made in Canada, and that two hundred dollars of the amount was required to be, and was, paid in Canada money, which was at a high premium above American currency, and which cost the plaintiff, and was worth in American currency, two hundred and seventy six dollars, half of which, plaintiff claimed to recover. As to this, the Court was right in refusing to charge that "the plaintiff could, in 'no event recover, more than one hundred dollars with interest." If entitled to recover at all, he was entitled to recover what the Canada money cost him, provided it did not exceed the market rate, in our currency.

We see no error in the record of which the plaintiff in error has any right to complain. The judgment must be affirmed with costs to the defendant in error.

The other Justices concurred.