Argued December 13, 1915, affirmed January 18, 1916.

## GIBSON *v.* PAYNE.

(154 Pac. 422.)

**Weapons—Negligence—Evidence.**

1. Where a complaint charged that plaintiff was negligently shot, and claimed that defendant carelessly cocked a shotgun in his hands and negligently held said gun in such position that plaintiff became injured when the gun was discharged, in order to refute this, defendant is entitled to show that when he received the weapon the hammers were already cocked.

[As to diligence required of persons using explosives, see note in 77 Am. St. Rep. 29.]

**Negligence—Disputed Questions of Fact are Questions for the Jury.**

2. When the facts are such that reasonable men may differ as to whether there was negligence, it is for the jury to decide.

**Weapons—Actions—Negligence—Question for Jury.**

3. In an action to recover damages for injury received by a shotgun negligently discharged while in the hands of defendant, the question of defendant's negligence *held* for the jury.

**Weapons—Actions—Instructions to Jury—Negligence—Contributory Negligence.**

4. In an action for damages by reason of being negligently shot while out with a hunting party, the court instructed the jury that plaintiff, in order to recover, must establish by the greater weight of evidence that defendant carelessly and negligently shot him with a shotgun, and further charged that a hunting party must use the care

and caution such as any reasonably prudent man would use under the circumstances, and that each member of such party is presumed to know that a loaded shotgun is a dangerous weapon, and that it was for the jury to determine from the evidence whether plaintiff contributed to his injury by getting out in front, and that in so doing, if he did so, was he careless or negligent. *Held* that the instructions did not place the burden of proving a want of contributory negligence upon plaintiff. Other instructions, after referring to defendant's claims, among which was that of contributory negligence, charged specifically that he must establish his allegations by the greater weight of evidence.

**Appeal and Error—Review—Instructions as to Measure of Damages Harmless.**

5. Where plaintiff, who was shot while hunting, recovered no damages, errors in the instructions as to the measure of damages are harmless.

**Weapons—Degree of Care Required of One in Possession of Firearms.**

6. In an action for damages by one shot while out hunting with a party, the court charged the jury that a loaded shotgun was a dangerous weapon and will produce serious injury when discharged at another person, either accidentally or otherwise, and that the law makes each member of a hunting party know that fact, and that it is the duty of each to use that degree of care and precaution such as any reasonably prudent man would use under the circumstances, correctly states the degree of care persons are bound to use, the law requiring persons having possession or control of firearms to exercise the utmost caution that injury may not come to others, the degree of such care is to be commensurate with the dangerous character of the weapon.

**Weapons—Actions—Question for the Jury as to Contributory Negligence.**

7. As to the question of contributory negligence, each case is governed by its own peculiar facts, and it is not reversible error for the court to submit to the jury the question whether plaintiff contributed to his injury by going in front of the others into the hunting ground.

From Yamhill: WEBSTER HOLMES, Judge.

This is an action by John H. Gibson against C. J. Payne to recover damages for an alleged personal injury. From a verdict in favor of defendant, plaintiff appeals. The facts are set forth in the opinion of the court. AFFIRMED.

For appellant there was a brief over the names of *Messrs. Seitz & Clark* and *Mr. Roswell L. Conner,* with an oral argument by *Mr. Maurice W. Seitz.*

For respondent there was a brief over the name of *Messrs. McCain, Vinton & Burdett,* with oral arguments by *Mr. W. T. Vinton* and *Mr. James E. Burdett.*

Department 2. MR. JUSTICE BEAN delivered the opinion of the court.

It appears from the record that on the day of the accident complained of plaintiff and a party of friends went to defendant's farm and requested the privilege of hunting birds thereon, which was granted. At their solicitation the defendant accompanied them for the purpose of showing them the hunting grounds, but not to engage in the sport himself. After one division of the party, consisting of plaintiff, defendant, and two others, had searched in one field, they proceeded for a short distance along a county road and were entering an inclosure on the other side, Mr. Gibson having advanced into the field about 15 or 20 feet ahead of the others. At this time Mr. Dobie, one of the party, having had poor luck, urged Mr. Payne to take his gun and shoot some game. Finally, the latter consented, and Dobie passed him a double-barreled breech-loading gun with visible hammers, loaded and fully cocked. Payne, noticing that one of the hammers was raised, proceeded to lower it, when the other barrel was discharged, hitting Gibson in the hip and leg and injuring him severely. Payne exclaimed to Dobie: "What in the devil did you hand me a cocked gun for?"

The charge of negligence is as follows:

"That the discharging of said gun and the injuries to the plaintiff as herein stated were caused wholly by the carelessness and negligence of the defendant, in this, that the defendant was careless and negligent in cocking said gun and permitting the hammer thereof to remain cocked and in holding said gun in such a man-

ner and position that the plaintiff became injured when said gun was discharged; and that the defendant was further careless and negligent in carelessly and negligently discharging said gun and in holding the same in such manner and position that the same was discharged.''

The defendant denies this charge, and pleads contributory negligence on the part of the plaintiff in advancing in front of the other members of the party, and in knowingly permitting Dobie to carry a loaded shotgun with both hammers up; and that the accident was an unavoidable one.

1. In order to show the condition of the gun when handed to defendant, and also as tending to show plaintiff's opportunity for knowing the same, defendant introduced evidence of the position of the hammers when Dobie was carrying the gun along the county road. After the questions eliciting this testimony were answered, defendant interposed an objection, but made no motion to strike out the answer. By the complaint Payne was charged with carelessly cocking the gun, and, to refute this, it was competent for him to prove the condition of the weapon immediately before it was passed to him. Payne asserts that he did not know that the hammers were raised when he received the weapon; that upon discovering that one barrel was cocked he at once took the precaution to lower the hammer in order to lessen the danger. Plaintiff did not undertake to show in what manner the gun was discharged, whether by a jar in handling, or in some other manner. Plaintiff states that if he had been aware that the gun was being carried while cocked he would have left the hunting party very quickly. The jury failed to find that the injury was caused by defendant's negligence without a contributory fault on the part of plaintiff.

2. When the facts are such that reasonable men may differ as to whether there was negligence, the determination of the matter is for the jury: *Grand Trunk Ry. Co.* v. *Ives,* 144 U. S. 408 (36 L. Ed. 485, 12 Sup. Ct. Rep. 679).

3. We think this case is one for the special consideration of the jury, and that it was decided by them upon the facts, a portion of which have been referred to, without any misdirection on the part of the trial court.

4. Plaintiff complains of the charge given to the jury and of the refusal of the court to instruct as requested by his counsel. In a general way the Circuit Court called the attention of the jury to the issues or claims of the respective parties, as set forth in the pleadings, and informed that body that it was its duty to determine the facts from the evidence. Plaintiff complains that in the preliminary statement the court did not define contributory negligence, nor state that in order to preclude the plaintiff from recovering he must have "negligently" contributed to his own injury by placing himself in a dangerous position. This point seems to be fully explained by the charge. The court gave the following instructions, among others:

"Now the plaintiff, in order to recover at all, must establish by the greater weight of his evidence in this case, to your satisfaction, that this defendant did carelessly and negligently shoot him with a shotgun. It isn't contended he did it purposely, or intentionally, but merely that he was careless and negligent in the handling of the shotgun."

Further, that the members of a hunting party "must use the care and precaution such as any reasonably prudent man would under the circumstances, and the law makes them know that a shotgun loaded is a dangerous weapon to life and limb, and that applies, as I have said, to each member of the party."

That "it is for you to determine whether or not that position, if you find he was in the position as has been testified to, one that would be carelessness or negligence on his part in getting out in front, if he did so, and you so find it from the evidence."

Error is predicated upon the claim that the instructions placed the burden upon the plaintiff to prove a want of contributory negligence, but we think the charge dispels any doubt in this respect. After referring to the claims of the defendant, among which was that of contributory negligence, the court said to the jury:

"And the defendant having alleged these matters which I have mentioned, he must establish them by the greater weight of the evidence, to your satisfaction, not by his own witnesses alone, if there should be any, but by all of the evidence in the case."

See *Walsh* v. *Oregon Ry. & N. Co.,* 10 Or. 250, 253; *Grant* v. *Baker,* 12 Or. 329 (7 Pac. 318).

5. Plaintiff also assigns error in the instructions as to the measure of damages. The jury not having found in favor of the plaintiff, it is unnecessary to examine this portion of the charge.

6. Counsel requested the court to instruct the jury as follows:

"The jury are instructed that, as firearms when loaded are extremely dangerous, it is the duty of one handling them to use the very highest degree of care possible to avoid injuring others in the immediate vicinity. It is no defense that the act occurred through inadvertence or without the wrongdoer's intending it. It must appear, in order to relieve the wrongdoer of the charge of negligence, that the injury was utterly without any degree of fault on his part."

It is urged on behalf of plaintiff that the degree of care mentioned in this requested instruction should

have been stated to the jury. The court, however, charged in effect that a loaded shotgun is a dangerous weapon and will produce serious bodily injury when discharged at another person either accidentally or otherwise, and the law makes each member of a hunting party know that fact, and that it is the duty of each to use, and each must use, that degree of care and precaution in order to avoid injury "such as any reasonably prudent man would use under the circumstances." The modern doctrine is stated in 8 Thompson, Neg., Section 780, as follows:

"Persons having control and possession of firearms must exercise the utmost caution that harm may not come to others from such weapons. The degree of care is commensurate with the dangerous character of the weapons. The care is such as ordinarily cautious and prudent persons would exercise under similar circumstances."

See, also, *O'Barr* v. *United States,* 3 Okl. Cr. 319 (105 Pac. 988, 139 Am. St. Rep. 959); *Winans* v. *Randolph,* 169 Pa. 606 (32 Atl. 622).

The court admonished the jury that the weapon was dangerous to life and limb, and that the defendant was presumed to know it, and in effect charged that the care and precaution necessary on his part in order to avoid injury was commensurate with the danger. The rule of more than ordinary care was invoked, and in substance the law was given the jury as quoted above.

7. All the circumstances were explained by the evidence to the jury. There were several in the hunting party, of whom some were young men. As some of the evidence tended to show, Dobie, after missing a bird, carried his gun ready to be discharged, and passed it in that condition over a gate to Payne. Whether Gibson by going in front of the others proceeded into the hunting grounds with such a party in

the orderly manner in which he should have done was properly submitted to the jury. Under all the evidence, it was not reversible error to submit to the jury the question of contributory negligence on the part of the plaintiff. Each case must be governed by its own peculiar facts, and a rational rather than distinctively legal conclusion must usually be drawn from them. In *Moebus* v. *Becker*, 46 N. J. Law, 41, 45, it was stated:

"In no case is it said that, where persons are gunning voluntarily together, each may be held responsible for every accident or mishap that may occur to the other while thus engaged; or that it is necessarily negligence to carry a gun cocked when in pursuit of game, or that in passing through brush, crossing ditches, climbing fences or resting upon them, the gun must be uncocked."

The requested instruction quoted above and several others as asked by plaintiff precluded the question of contributory negligence.

A careful examination of the testimony and the whole charge to the jury leads us to believe that the case was fairly presented to that body, and that they decided it upon the evidence, and that there was no reversible error in refusing to give the instructions in the exact language requested.

Finding no error in the record, the judgment of the lower court is affirmed.                AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE HARRIS and MR. JUSTICE BENSON concur.

MR. JUSTICE EAKIN absent.