WANYEK, ADMRX., APPELLANT, *v.* McMULLIN, A MINOR, ET AL., APPELLEES.

[Cite as Wanyek v. McMullin, 3 Ohio App. 2d 15.]

(No. 1650—Decided July 7, 1965.)

*Messrs. McCray, Laux & Morey,* for appellant.
*Mr. Virgil C. Burgett,* for appellees.

HUNSICKER, J. An appeal on questions of law has been brought to this court from the Court of Common Pleas of Lorain County by Elizabeth Wanyek, the mother, and administratrix of the estate, of John Wanyek, deceased.

John Wanyek, a minor, was killed as the result of a bullet fired from a gun in the hands of George McMullin, also a minor, while both boys, along with others, were engaged in rifle practice at a rifle range owned by the Lorain County

Fish & Game Association. The boys were members of a boy scout troop. The rifle practice, it is claimed, was being conducted under the auspices of The Cleveland Boy Scouts of America and the Fireland Council Boy Scouts of America.

A judgment was rendered for the defendants, from which judgment the administratrix has appealed to this court.

The complaints here are, first, that the trial court erred in refusing to give, before oral argument, a special instruction to the jury as requested by the appellant, which requested instruction was as follows:

"You are instructed by the court that a loaded rifle is a dangerous instrumentality and those persons engaged in its use must exercise the highest degree of care; * * *"

And, second, that "the trial court erred in directing a verdict at the close of [the] plaintiff's case, in favor of the defendant Fireland Council Boy Scouts of America."

An examination of Ohio authorities discloses that the case of *Davison* v. *Flowers*, 123 Ohio St. 89, is the only Supreme Court case bearing on the degree of care required by one in the use of a loaded firearm. No change has been made in the conclusion there reached, and we are constrained to follow the rule there set out, to wit, that ordinary care under the circumstances is all that is required by one in the lawful use of a loaded firearm.

The general rule seems to be that ordinary care, commensurate with the danger, is all that is required in the lawful use of firearms in situations such as we have in the instant case. See: *Tucker* v. *Lombardo*, 47 Cal. 2d 457, 303 P. 2d 1041; and *Gibson* v. *Payne*, 79 Ore. 101, 154 P. 422. See, also: 13 Cleveland Marshall Law Review 327.

The trial judge did not commit error prejudicial to the rights of the appellant when he refused the requested instruction.

Next, we direct our attention to the second assignment of error which concerns the propriety of the verdict directed in favor of the Fireland Council Boy Scouts of America.

The testimony is that the scoutmaster and two committeemen of the troop arranged for the rifle practice at a range owned by the Lorain County Fish & Game Association. Although each one of the adults with the eight boys who were engaging in the

rifle practice knew how to use firearms, they apparently were not acquainted with the rules of the Boy Scouts organization, requiring approval of the instructors prior to conducting merit badge examinations of the character shown here. There is nothing in the record to show whether any of these adults were officially approved for rifle instruction, or if the rifle range had met the approval of the Boy Scouts.

The record does show that each of the adults with the boys on the fatal day had given the boys instructions in the use of firearms and safety requirements. These instructions were given at a troop meeting and at the rifle range. This range was used by persons other than boy scouts, who had permission only to go on the premises for the day the fatal accident occurred.

Our examination of the record establishes the fact that John Wanyek, contrary to instructions, twice stepped in front of George McMullin to get some bullets; the second time resulting in the death of John Wanyek.

There is nothing in the record to indicate that the claimed failure to act on the qualifications of the rifle range, or the instructors, was in any way a proximate cause of the accident. No evidence of any kind is offered to show that the Fireland Council Boy Scouts of America was guilty of any act of negligence. In such a situation, the trial court properly sustained the motion to dismiss that council as a party-defendant.

Our examination of the claims of error compels us to sustain the judgment entered herein.

*Judgment affirmed.*

DOYLE, P. J., and BRENNEMAN, J., concur