COOPER v. TRANTER MANUFACTURING, INC.

1. Negligence—Contributory Negligence—Burden of Proof.
   A defendant has the burden of proving plaintiff guilty of contributory negligence (GCR 1963, 111.7).

References for Points in Headnotes
[1] 38 Am Jur, Negligence § 286.
[2] 38 Am Jur, Negligence § 344.
[3] 38 Am Jur, Negligence § 2.
[4] 38 Am Jur, Negligence §§ 189, 190–192, 286.
[5] 38 Am Jur, Negligence §§ 192, 286.
[6] 38 Am Jur, Negligence §§ 362, 364.
[7] 5 Am Jur 2d, Appeal and Error § 894.
[8] 53 Am Jur, Trial §§ 539–541.
[9] 22 Am Jur 2d, Damages § 380.
   Excessiveness of damages in action by person injured for personal injuries not resulting in death (for years 1941 to 1950). 16 ALR2d 3.
[10] 5 Am Jur 2d, Appeal and Error § 783.
[11] 5 Am Jur 2d, Appeal and Error §§ 562, 783.

2. SAME—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY—INSTRUCTIONS.

   Negligence and contributory negligence are usually questions of fact, not law, to be left for jury determination, under proper instruction.

3. SAME—DEFINITION—PROBABILITY OF DANGER.

   Negligence consists in a want of reasonable care which would be exercised by a person of ordinary prudence under all the existing circumstances, in view of the probable danger of injury.

4. SAME—CONTRIBUTORY NEGLIGENCE.

   Determination of whether an injured person was guilty of contributory negligence involves an estimate of his prudence in view of what he had a right to expect from the one who is claimed to have been to blame, and if such latter's conduct was not one which could reasonably have been anticipated, it would normally be a question of fact for determination of the jury, there being 2 sets of circumstances affecting the conduct of different persons.

5. SAME—CONTRIBUTORY NEGLIGENCE—EVIDENCE—TESTING OF DIE.

   Evidence, presented in diemaker's action against press owner for injury to hand when testing die, held, to support submission of issues of negligence and of contributory negligence for consideration by jury, where there is evidence that plaintiff had used due care for his own safety and had a right to rely on defendant's assigned employee to protect him by use of safety blocks in press known to have been malfunctioning.

6. SAME—INSTRUCTIONS.

   Instructions given by trial court in action by independent contractor, a diemaker who was injured by large press of defendant, when taken as a whole, held, to have adequately stated the various claims and contentions of the litigants and rules of law applicable thereto, and to have fairly presented the essential issues for an intelligent decision by the jury.

7. APPEAL AND ERROR—INSTRUCTIONS TAKEN AS A WHOLE.

   The Court of Appeals must read the charge to a jury as a whole when considering claimed errors relating to instructions given to a jury, and selected portions of the charge cannot be subjected to scrutiny in a vacuum extracted from the charge as a whole.

8. TRIAL—INSTRUCTIONS—REQUEST TO CHARGE.

   A charge to the jury is sufficient if the judge has reviewed the parties' requests and covered the subjects concerned in his

own language or in language he deems appropriate under the factual situation, as an attorney is not entitled to demand that a specific charge be given verbatim.

9. DAMAGES—DIEMAKER—HAND INJURY.
Determination by trial judge that verdict of $80,000 for plaintiff diemaker whose hand was so mangled by defendant's 35-ton press as to disqualify him from working as a journeyman diemaker was not excessive *held,* not error, where trial judge stated that while he would not have allowed as large an amount had there not been a jury, he did not find it excessive, shocking to his conscience, or beyond the range of the proofs.

10. NEW TRIAL—FAIR TRIAL—SUBSTANTIAL RIGHTS OF PARTIES.
Reversal for new trial does not follow automatically from a showing of error in the course of a generally fair trial, and to justify reversal for a new trial the errors complained of must be of such magnitude as to prevent a fair trial, cause a miscarriage of justice, or affect the substantial rights of the parties.

11. APPEAL AND ERROR—NEW TRIAL—PREJUDICIAL ERROR—WAIVER.
The error which calls for a new trial is one of such significance as to have prejudiced the result, one without which an appellate court can say the result might well have been different, and be called to the attention of the trial court or be deemed waived.

Appeal from Ingham; Salmon (Marvin J.), J. Submitted Division 2, May 11, 1966, at Lansing. (Docket No. 1,353.) Decided July 26, 1966. Leave to appeal denied by Supreme Court October 11, 1966. See 378 Mich 736.

Complaint by David W. Cooper, Jr. against Tranter Manufacturing Inc., a Michigan corporation, for injuries sustained by plaintiff in an industrial accident in defendant's plant. Judgment for plaintiff. Defendant appeals. Affirmed.

*Glassen, Parr, Rhead & McLean* and *Hudson E. Deming,* for plaintiff.

*Cholette, Perkins & Buchanan* (*Edward D. Wells,* of counsel), for defendant.

McGREGOR, P. J. Plaintiff was a partner in a tool and die company which did considerable work for the defendant. Plaintiff's company made a die for the defendant and on August 12, 1961, plaintiff and his partner went to defendant's plant to test the die on one of the defendant's presses. Under the contract, defendant had the duty of furnishing a press and its operator for such testing. The partially-developed die had been set up in the press by defendant's employee before the plaintiff and his partner arrived at defendant's plant. Plaintiff and the defendant's employee made one test; plaintiff removed the try-out piece for inspection. During this time, the defendant's assigned employee, the operator of the 35-ton press, left for a coffee break, after allegedly turning off the testing press, but did not put a safety block into the machine. After a requested adjustment in the press had been made, plaintiff replaced the piece of metal being tested into the press and, while aligning it with his hand, the ram came down on his hand. Plaintiff testified that he did not know the defendant's assigned employee had left, although the employee testified that he had told the plaintiff he was leaving. This employee was the only one who had defendant's authorization to run the testing press. Plaintiff and his partner testified that the plaintiff's action in aligning the try-out piece of metal with his hand is the necessary and customary way of doing the job. The press in question was equipped with a mechanical clutch, activated by a foot pedal, which operated after an electrical motor had been turned on. Testimony indicated that the flywheel continued to run for about 25 or 30 seconds after the motor had been turned off. It is apparent that safety blocks, properly used, would have avoided the accident. Defendant's assigned employee knew where

to find such safety blocks, while the plaintiff testified that he did not.

Defendant's employee, upon cross-examination, admitted that the entire operation of the press was his responsibility and that he knew where to find safety blocks. Plaintiff testified that, on previous occasions, defendant's employee had used safety blocks and he therefore assumed they were being used on this occasion, and that he relied on defendant's operator for his safety. The defendant's safety engineer further testified that the failure to use safety blocks on this occasion was a violation of defendant's safety policies. The plaintiff offered testimony that the machine had malfunctioned on previous occasions. The record shows that defendant's management had been informed of such prior malfunctions. There was no evidence explaining why the machine tripped without being activated. Three of defendant's employees testified that the press worked properly.

Defendant contends that the evidence is overwhelming that the plaintiff or his partner started the machine after the defendant's assigned employee had left the machine and that, while so operating it, plaintiff put his hand into the press, and that no recovery could have been awarded to the plaintiff if the jury followed the law and the evidence. The record does not generally support this contention.

A substantial portion of plaintiff's right hand was mangled and surgical reconstruction thereof was not successful. The plaintiff, who was a journeyman diemaker before this accident, could not thereafter qualify for such craft. An $80,000 judgment for damages was rendered on a jury verdict in plaintiff's favor. Defendant's motion for a directed verdict of no cause of action or for a new trial or remittitur was denied.

On appeal, defendant contends that the plaintiff was guilty of contributory negligence as a matter of law and that the charge of the court was erroneous. The thrust of defendant's argument is that the plaintiff had no right to rely on defendant's assigned employee operator, as plaintiff testified he had done, and that plaintiff was guilty of contributory negligence in failing to observe precautionary measures for his own safety, before putting his hand into the press. The defendant had the burden of proving plaintiff was guilty of contributory negligence. GCR 1963, 111.7.

The question of negligence of the defendant and the contributory negligence of the plaintiff are not usually one of law, but one of fact, to be left for jury determination, under proper jury instruction. Chief Justice COOLEY, in *Detroit & M R Co.* v *Van Steinburg* (1868), 17 Mich 99, 118, 119, has stated the basic pertinent law:

"Negligence, as I understand it, consists in a want of that reasonable care which would be exercised by a person of ordinary prudence under all the existing circumstances, in view of the probable danger of injury. The injury [inquiry?] is, therefore, one which must take into consideration all these circumstances, and it must measure the prudence of the party's conduct by a standard of behavior likely to have been adopted by other persons of common prudence. Moreover, if the danger depends at all upon the action of any other person under a given set of circumstances, the prudence of the party injured must be estimated in view of what he had a right to expect from such other person, and he is not to be considered blamable if the injury has resulted from the action of another which he could not reasonably have anticipated. Thus the problem is complicated by the necessity of taking into account the two sets of circumstances affecting the conduct of different persons, and is only to be satisfactorily

solved by the jury placing themselves in the position of the injured person, and examining those circumstances as they then presented themselves to him, and from that standpoint judging whether he was guilty of negligence or not. It is evident that such a problem cannot usually be one upon which the law can pronounce a definite sentence, and that it must be left to the sifting and determination of a jury."

In *Ingram* v. *Henry* (1964), 373 Mich 453, 457, the following is said of contributory negligence:

"What constitutes due care for one's own safety, like what constitutes negligent conduct toward others, is a question of fact and not of law. As such, it must usually be left for determination by the jury, where a jury has been demanded."

Defendant cites, in support of his contention that the plaintiff was contributorily negligent as a matter of law, *Modzel* v. *Norwalk Truck Lines* (1949), 325 Mich 693. It is not controlling and is distinguishable in that the defendant herein had the contractual duty to furnish the press and its testing operator to plaintiff for such testing. In the instant case, it was customary and necessary for this plaintiff to put his hand into the press.

The evidence failed to show conclusively what caused the press to fall or close on plaintiff's hand. From the plaintiff's applicable evidence, if believed by the jury, it could have been found that the cause was malfunction, the likelihood of which was known by the defendant, in which event the defendant was negligent. There was ample evidence, if believed by the jury, that the plaintiff used due care for his own safety and, as a reasonable and prudent person, had a right to rely on defendant's assigned employee to otherwise protect him. Under such circumstances, the trial court properly presented the questions of

the alleged negligence of the defendant and the alleged contributory negligence of the plaintiff to the jury.

The defendant contends that the trial court's instruction regarding contributory negligence was erroneous. Such instruction reads in its entirety, as follows:

"Now, turning to the law in connection with the defendant's claims of negligence on the part of the plaintiff.

"It claims as I told you that the plaintiff was negligent by working on the press with his hands in a position of danger without taking any safety precautions and without inserting safety blocks while the press was running and while the activation switch was in operating position.

"If you find facts in this regard to be as claimed by the defendant then apply the same test to plaintiff's conduct as I have instructed you to apply to the defendant. That is to say, did he, the plaintiff, fail to do something which a reasonably careful person would have done or did he do something which a reasonably careful person would not have done under the circumstances as shown by the proofs. In this connection consider his experience and knowledge concerning presses, together with all the other evidence bearing upon this question.

"I charge you further that if you find from the evidence in this case that the plaintiff knew or should have known that injury to himself was likely if he put his hand between the die sections without safety blocks being first inserted, then and in that event it was his duty not to put his hand into the machine before the blocks had been inserted and a violation of such a duty amounts to negligence.

"However, if you find that the plaintiff knew or should have known of the attendant danger, without safety blocks, but believed Kratz (defendant's assigned employee) had inserted them, or if you find

that he had the right to rely upon them being inserted by Kratz, then and in that event plaintiff would not be guilty of negligence by putting his hand into the machine without them.

"Members of the jury, while I have instructed you concerning negligence, contributory negligence, proximate cause, and so on, I would like to reiterate here for the purpose of clarity. To entitle a plaintiff to recover in a so-called negligence case such as we have here he not only has the burden of proving by a preponderance of the evidence that the defendant was negligent but he also must prove by a preponderance of the evidence that the defendant's negligence was a proximate cause of the accident. That is to say, that it was a real cause or a cause which in natural or probable sequence produced his injury."

When the charge of the trial court is read as a whole, not excerpts therefrom, it adequately states the various claims and contentions of the litigants and the rules of law applicable thereto, and fairly presents the essential issues for an intelligent decision by the jury. Selected portions of the charge cannot be subjected to scrutiny in a vacuum extracted from the charge as a whole. The trial court did charge that the plaintiff had the duty to act with reasonable care. *Milauckas* v. *Meyer* (1965), 1 Mich App 500; *Huffman* v. *First Baptist Church of Flushing* (1959), 355 Mich 437.

The defendant submitted nearly 50 separate requests to charge, many of which were direct quotations from Supreme Court decisions, which contained the correct statements of law, although some were not applicable in the instant matter. However, the court did not give all of such requests.

No lawyer is entitled to demand that a specific charge be given verbatim, even if it be a quotation

of Supreme Court language in a somewhat comparable situation. It is sufficient if the judge has reviewed the parties' requests and covered the subjects concerned in his own language or in language he deems appropriate under the factual situation facing him. *Knickerbocker* v. *Samson* (1961), 364 Mich 439, 449.

The defendant also complains that the conduct of plaintiff's attorney was improper and prejudicial. The opinion of the trial court on denial of defendant's motion for new trial discussed this question as follows:

"As the court reviews the record there was only one objection made by defendant's attorney during Mr. Glassen's argument and that went to Mr. Glassen's statement concerning the duty that Mr. Martineau had to produce the piece of steel which he had in his office. The court informed Mr. Glassen that he should omit the reference and instructed the jury to disregard it. Outside of the foregoing there were no other objections made to Mr. Glassen's argument while the same was being given."

The court's instructions sufficiently covered the objection now made by counsel. Any other objections were waived by failure to call them to the trial court's attention. *Curth* v. *New York Life Ins. Co.* (1936), 274 Mich 513.

Another objection of the defendant to the trial below is the failure of the trial judge to have determined that the verdict was excessive. The trial court stated that $80,000 was more than he would have allowed if it had been his decision, without a jury, but did not find that it was excessive, shocking to his conscience, or beyond the range of the proofs. The defendant has not convinced this Court that the trial judge erred in this determination.

Other claimed errors have been considered and we do not find them of such magnitude as would prevent

a fair trial or cause a miscarriage of justice, or affect the substantial rights of the parties.

"Reversal for new trial does not follow automatically from a showing of error in the course of a generally fair trial. There probably never was, and never will be, a perfectly conducted jury trial. The error which calls for a new jury trial is one of such significance as to have prejudiced the result. *Miskiewicz* v. *Smolenski,* 249 Mich 63; *Sheehan* v. *Dalrymple,* 19 Mich 239. It must be one without which we can say that the result might well have been different." *Rouse* v. *Gross* (1959), 357 Mich 475, 481.

Judgment of the circuit court is affirmed, with costs to the plaintiff-appellee.

BURNS and QUINN, JJ., concurred.