COOPER *v* JOHNSON AUTO WASH & WAX OF
GRAND RAPIDS, INC

Negligence—Infant Trespassers—Landowner's Duty.
　An occupier of land has no duty to an infant trespasser, of
　whose presence the occupier is unaware, unless he knows or
　should have known that children commonly trespass in the
　area.

Appeal from Kent, John T. Letts, J.   Submitted
Division 3 January 4, 1972, at Grand Rapids.
(Docket No. 10590.)   Decided February 28, 1972.
Leave to appeal denied, 387 Mich 783.

Complaint by Mary C. Cooper, as next friend of
Timothy R. Giamo, against the Johnson Auto Wash
& Wax of Grand Rapids, Inc, for negligent operation
of a conveyor mechanism.   Judgment for defendant.
Plaintiff appeals.   Affirmed.

*Warner, Norcross & Judd* (by *James H. Breay*),
for plaintiff.

*Cholette, Perkins & Buchanan* (by *Edward D.
Wells*), for defendant.

Before: Fitzgerald, P. J., and R. B. Burns and
Targonski,* JJ.

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Reference for Points in Headnote
62 Am Jur 2d, Premises Liability §§ 55, 87, 136.

PER CURIAM. The plaintiff, Mary C. Cooper as next friend of Timothy R. Giamo, appeals the judgment entered in favor of defendant on the jury's verdict of no cause of action.

The facts of the case at bar are basically not in dispute. On May 7, 1965, Timothy Giamo, age 7 years, 10 months, accompanied his mother and two younger brothers in the family car to defendant's car wash. Upon arriving, Timothy's mother instructed him and his two brothers to get out of the car and to go into the "glass house" inside the car wash to wait for her. Timothy entered the car wash building through the "exit door" used by cars in leaving the car wash. He walked back into the car wash until he came to the terminal point of the conveyor mechanism in the floor which was used for pulling cars through the car wash. When Timothy came to the end of the conveyor, he noticed the rollers coming along the conveyor and descending into the floor. In attempting to step over the opening, Timothy's right foot was caught and smashed by the rollers.

Timothy's foot was crushed and severely lacerated. The attempt to save the foot failed and it was amputated. This action followed.

Plaintiff contends on appeal that the trial court's instructions to the jury were erroneous.

An examination of the record and briefs discloses no prejudicial error when the instructions are read as a whole. *Cooper* v *Tranter Manufacturing Inc*, 4 Mich App 71 (1966).

We make the further findings in respect to plaintiff's specific allegations of error:

1. The plaintiff preserved his right to appellate review of the trial court's instruction to the jury by proper and timely objections under GCR 516.2.

2. The trial court's instructions on Timothy's status as an infant trespasser (on part of property not for customer use and absent consent, knowledge, or acquiescence of owner) was not erroneous in that it did not emphasize the owner's characterization of the premises.

3. The trial court did not err in refusing to instruct the jury that defendant had a higher degree of care with respect to its use of a dangerous instrumentality.

4. The trial court did not err in instructing the jury that an occupier of land has no duty to a child trespasser, of whose presence he is unaware, unless he knows or should have known that children commonly trespass in this area.

Affirmed. Costs to appellees.