[No. 31367. Department One. June 19, 1950.]

FRANK GLASPEY, *Respondent,* v. DAVE PRELUSKY *et al.,*
*Appellants.*[1]

[1]Reported in 219 P. (2d) 585.

*Walter V. Swanson* and *Douglas A. Wilson,* for appellants.

*D. V. & Lane Morthland,* for respondent.

GRADY, J.—This action was instituted by Frank Glaspey in his own behalf, and as assignee of Peter Rabung, against Dave Prelusky and wife and S. Albertson & Co., Inc. to recover damages for the conversion of a quantity of apples. A trial before the court resulted in a judgment against Prelusky and wife and S. Albertson & Co., Inc. Frank Glaspey will be referred to as respondent, Dave Prelusky and S. Albertson & Co., Inc. as appellants and by their names when referred to individually. Peter Rabung will be referred to by his surname.

Respondent leased orchard lands to Rabung for the farming season of 1947, the rental being one fourth of the apple crop raised. Rabung made an arrangement with Albertson to finance the growing of his apple and pear crops, and executed a chattel mortgage on them. The mortgage contained a provision to the effect that, if at any time the mortgagee deemed itself insecure, it had the right to declare the entire debt (meaning all unpaid advances) due and payable and to take possession of the crops, foreclose the mortgage, sell the crops "pursuant to law, or as the parties hereto may agree," and out of the proceeds of the sale to retain all sums owing. At the time of the execution of the mortgage, respondent executed a waiver of his priority "for rental or other payment against the 1947 crop." The relationship between Prelusky and Albertson seems to have been interwoven, and their conduct with reference to the apple crop was such that they were regarded by the court as being

jointly and severally liable. No complaint of this theory has been made upon the appeal, and we shall give them joint consideration.

When the apple crop was harvested it was delivered to appellants. Various quantities of the apples were sold from time to time by appellants. The sales were made without securing the consent of either respondent or Rabung.

The court treated the acts of appellants in making the various sales of the apples without the knowledge or consent of the owners as a willful conversion, adopted as the measure of damages the highest market value thereof within a reasonable time after such conversion, and entered judgment accordingly.

The questions presented to this court are as follows: (a) whether the sale of the apples by appellants created a liability only to account to respondent for the proceeds of the sale, or to pay respondent the market value of the apples at the time and place of sale as in the case of a conversion, or pay to respondent the highest market value of the apples within a reasonable time after sale as in the case of a willful conversion; (b) the limitations to be placed upon what would be a reasonable time after conversion as a basis for fixing damages for the conversion of a perishable commodity; (c) the effect of the waiver executed by respondent on his individual right of recovery; (d) whether Rabung, by demanding an accounting from Albertson, elected his remedy and is barred from recovery of damages.

When harvest time came, Rabung picked the apples and delivered them to appellants. The appellants assert that the apples were delivered not only for packing and storing, but also that there existed a verbal agreement that Albertson would have the first right to purchase them at the then market price. The court, however, found that the apples were delivered for packing and storing only. Our review of the record on this question leads us to the same conclusion.

As an alternative, the appellants seek to justify their sale of the apples on the ground that Albertson deemed itself insecure in December and January because of the condition

of the apples and a declining market. They assert their possession of the apples was lawful, and having the right to believe they could lawfully sell them, their only duty owing to respondent and Rabung was to account for the selling price; but if it can be said they had converted the apples, such conversion was not willful.

The courts have recognized a difference between what may be termed an ordinary conversion and a willful conversion with respect to the measure of damages. In the former case the measure of damages is the market value of the property at the time and place of its conversion; while in the latter, the measure of damages is the highest market value of the property within a reasonable time after the conversion, or, as sometimes stated, the highest price shown between the time of the conversion and the institution of the suit.

The former measure of damages is usually applied where it appears that one unintentionally and inadvertently takes or comes into possession of another's property; but the courts consider a conversion as willful when one has possession of property of another for a specific purpose, and contrary to that purpose makes an unauthorized sale of it. The appellants had possession of the apples for the purpose of packing and storage only. They were never authorized to sell the apples. By the terms of the mortgage, if Albertson deemed itself insecure it had the right to take possession of the apples, foreclose the mortgage and sell them. The mortgage was not foreclosed. The appellants summarily sold the apples. The court was correct in its holding that there was a willful conversion. *Parks v. Yakima Valley Production Credit Ass'n,* 194 Wash. 380, 78 P. (2d) 162. In that case we decided that a chattel mortgagee acquired no title to the property, but merely a lien thereon to secure an indebtedness, and his remedy, in the event of default, or if he wished to avail himself of an insecurity provision of the mortgage, was to foreclose the mortgage in either of the ways provided by statute, unless he had the express consent of the mortgagor to sell the property without foreclosure. Previous

cases on the subject were cited and analyzed as well as other authority. The rules of law pronounced in that case are applicable to the facts of this case, and we deem it unnecessary to cite additional authority.

The appellant urges that the court was in error in holding that a reasonable time after conversion meant to the end of the normal marketing season of stored apples, and contends that the highest market price applicable would be to the end of the greatest normal movement of apples, which would not extend beyond April 30th, especially when it is considered that the apples were a perishable commodity.

 The apples were placed in cold storage. It is a well-known fact in the apple industry that this is done so the apples will remain in a marketable condition for several months, and may be held for the later and less competitive markets. We think the reasonable time referred to in the rule fixing the measure of damages for willful conversion in the case of stored apples must mean the usual marketing season. The court, upon the evidence submitted, determined the highest market value during that period of time, and we think it was correct in so doing.

 The appellants urge that respondent was not entitled to recover on behalf of Rabung for his share of the apples because when Rabung learned of the sales he retained counsel, who demanded an accounting. In order to accept the view of appellants, we must hold that the demand for an accounting constituted an election of remedies by Rabung and by such election the right to recover for a willful conversion was waived. The right to recover for a willful conversion arose when the apples were sold. Efforts made to be compensated did not waive or abandon that right.

The material part of the waiver given by respondent is as follows:

"The undersigned Glaspey does . . . waive all priority for rental to S. Albertson Co., who have . . . a chattel mortgage on said crop."

Appellants contend the waiver negates possibility of conversion as to respondent, and his sole remedy is for an ac-

counting for his one-fourth share of the crop after the mortgage lien of Albertson is satisfied.

We are unable to accept the version of appellants as to the effect of the waiver upon the legal rights of respondent. All that the waiver did was to subordinate the right of respondent to a landlord's lien to the lien of the mortgage given by Rabung. The respondent became the owner of an undivided one fourth of the apple crop, and when appellants converted the apples a right of action accrued to respondent and Rabung to recover their damages.

It appears from the record that the court made an award severable from the awards of damages that was an inadvertence. An attempt was made to correct the error in the court below, but the appeal had been taken and the court had lost jurisdiction to modify the judgment. The error was corrected by a partial satisfaction of the judgment. The question thus became moot and needs no further consideration.

The judgment is affirmed.

SIMPSON, C. J., BEALS, SCHWELLENBACH, and DONWORTH, JJ., concur.