[No. 33466. Department One. January 26, 1956.]

FORBES M. BRUCE, *Respondent,* v. ALICE B. BRUCE, *Appellant.*[1]

*Seijas & Carras,* for appellant.

*Raymond A. Reiser,* for respondent.

MALLERY, J.—The parties were married in Spokane in 1941. They had four children. The court granted a divorce to plaintiff, at which time the children were about two, four, nine, and twelve years of age. The court awarded their custody to the plaintiff father and granted visitation privileges to the defendant mother every Wednesday evening, custody every other week end, and during the summer from June 15th to August 14th.

[1]Reported in 292 P. (2d) 1060.

The defendant appeals from that part of the decree concerning the custody of the children. She makes two assignments of error. In the first, she contends the trial court erred in finding that she is not a fit and proper person to have custody of the children. The facts upon which the trial court predicated its finding were:

"That subsequent to Jan. 1, 1954, at at [sic] intervals since that time, the defendant Alice B. Bruce has associated with one Paul M. Ferrill, a married man, and *they have engaged in a clandestine love affair* which has resulted in the ultimate alienation of the defendant's affection for the plaintiff." (Italics ours.)

The appellant does not contend that the record does not support this finding of fact, but only that its language is too indefinite to sustain a conclusion of moral unfitness. We quote appellant's argument.

"As can be obviously readily seen there has been no definite findings by the court indicating or showing that the appellant herein, the natural mother of the children, is morally unfit or physically incapable of caring for the children. There is no findings by the court that there were sexual intimacies, adultery or any contact which would grant the court the right to deny the natural mother the custody of her children."

Appellant's contention is a mere quibble over the sufficiency of the language used by the trial court to support its finding of unfitness, and does not raise a question as to the facts or their sufficiency to support the judgment.

Appellant also contends, in her first assignment of error, that the trial court erred in finding that *respondent* is a fit and proper person to have custody of the children. She does not support this contention by references to the record or by argument. We, therefore, must disregard it. *Deer Park Pine Industry v. Stevens County,* 46 Wn. (2d) 852, 286 P. (2d) 98; Rule on Appeal 42 (1) (f), 34A Wn. (2d) 44, as amended, effective January 2, 1953.

In appellant's second assignment of error, she attempts to assign error to one of the trial court's findings. However, she *does not* set out this finding in her brief as

required by Rules on Appeal 42(1) (f) and 43, 34A Wn. (2d) 44, 47, as amended, effective January 2, 1953.

We, therefore, do not consider it.

The judgment is affirmed.

HAMLEY, C. J., SCHWELLENBACH, FINLEY, and OTT, JJ., concur.