[No. 35940. Department Two. September 20, 1962.]

CARL G. ENYEART *et al., Appellants*, v. MAX BORGESON *et al.,
Respondents.**

*Greive & Law*, by *Roderick D. Dimoff* and *R. R. Bob
Greive*, for appellants.

*Reported in 374 P. (2d) 543.

*Murray & Dunham,* and *Wayne Murray, Jr.,* for respondents.

HAMILTON, J.—Plaintiffs, husband and wife, appeal from an order granting a new trial in their action to recover damages for personal injuries to the plaintiff wife from an automobile accident.[1]

The accident occurred on a three lane highway, with one lane restricted to northbound traffic and two lanes for southbound traffic. Between the northbound and the two southbound lanes, there are three painted lines, one white and two yellow, one yellow stripe on each side of the white one. Both cars were northbound.

Plaintiff's version of the occurrence was that she signaled for a left turn at approximately one-half block before reaching a driveway where she started the left turn, at which point the accident occurred, and that, although she had made the usual observations, she did not see the defendants' car.

The defendant driver's version is that he did not observe the plaintiff make any left-turn signal, and that, at the time of the collision, he was nearly abreast of plaintiff's vehicle when she commenced the left turn. Defendant driver braked and attempted to turn with the plaintiff's car.

At the outset, it must be decided whether RCW 46.60.020 or RCW 46.60.060 applies because the court instructed on the first mentioned section.

The parties advance different views as to whether the implications arising from the painted stripes separating the north and southbound lanes are determined by RCW 46.60.020 or RCW 46.60.060, defendants contending RCW 46.60.020 to be applicable and the plaintiffs relying upon RCW 46.60.060.

RCW 46.60.020 is as follows:

"Whenever any highway has been divided into two roadways for travel in opposite directions by leaving an

---

[1] Although Carl G. Enyeart is a party plaintiff, his wife alone is referred to herein.

intervening space or by a physical barrier or clearly indicated dividing section or by two parallel barrier stripes four inches or more apart so installed as to control vehicular traffic, every vehicle shall be driven only upon the right hand roadway and no vehicle shall be driven over, across or within any such dividing space, barrier or section, or barrier stripes, except through an opening in such physical barrier or dividing section or space, or barrier stripes, or at a crossover or intersection established by public authority."

RCW 46.60.060 provides, in part:

" . . .

"The state highway commission may, when it deems it necessary for safe vehicle operation or for the enforcement of this section, install no-passing zones by means of a solid barrier paint line of contrasting color parallel, adjacent, and to the right of the painted barrier line of the traffic lane in which the vehicle is operating and which shall be visible to the vehicle operator to designate points between which vehicles may not lawfully overtake and pass as above provided."

■ Although the two sections were originally enacted at different times, they were both codified by the legislature itself in the same chapter of the highway code in Laws of 1961, chapter 12, p. 240 (a reviser's bill). The whole history is set out in the reviser's notes appended to Laws of 1961, chapter 12, at p. 440. Consequently, the two sections must be construed as a harmonious whole, each operating fully within its own sphere.

If the defendants' view is correct, plaintiff was negligent as a matter of law, but if the plaintiff's contention is correct, then it was permissible for her to make a left turn because RCW 46.60.060 does not forbid it. The court adopted the view advanced by the defendants which forced plaintiff to take the position that the defendants were guilty of wanton misconduct and had the last clear chance to avoid the accident, on both of which theories the cause was submitted to the jury. There was a general verdict for the plaintiff. A new trial was ordered because the court was of the opinion that there was no evidence of wanton misconduct, from which order the plaintiff appealed.

■ The trial court was in error in instructing upon RCW 46.60.020 because that section has no application. If it did, it would mean that the highway department could not indicate no-passing zones by the use of a contrasting stripe under RCW 46.60.060 without also creating a barrier under RCW 46.60.020. The legislature did not so intend because the purpose of RCW 46.60.060 is to prohibit passing and not left turns.

If there are two and only two lines dividing opposing traffic, and these lines are four or more inches apart, then the barrier created by RCW 46.60.020 exists. If there are lines of contrasting color separating opposing lanes of traffic, then RCW 46.60.060 controls. This gives meaning to both sections and avoids unreasonable results.

We now turn to the order granting a new trial.

In *Adkisson v. Seattle*, 42 Wn. (2d) 676, 682, 258 P. (2d) 461, the court differentiated negligence and wanton or wilful misconduct in the following paragraph:

"Wilful or wanton misconduct is not, properly speaking, within the meaning of the term 'negligence.' Negligence and wilfulness imply radically different mental states. Negligence conveys the idea of neglect or inadvertence, as distinguished from premeditation or formed intention. An act into which knowledge of danger and wilfulness enter is not negligence of any degree, but is wilful misconduct. As long as the element of inadvertence remains in conduct, it is not properly regarded as wilful. Wanton misconduct is positive in nature, while mere negligence is materially negative. A person properly chargeable with wanton misconduct is not simply one who is more careless than one who is merely negligent. Wanton misconduct is such as puts the actor in the class with the wilful doer of wrong. 38 Am. Jr. 692, Negligence, § 48."

■ The most that can be said for the evidence in this record is that the defendant driver was negligent. There is a complete absence of any proof that the defendant driver was the "wilful doer of wrong." It may be admitted that he passed unlawfully and that such was a negligent act, but such is not proof of an intention to harm the plaintiff. The court instructed on wanton misconduct with great

reluctance, and only upon the insistence of the plaintiff's counsel. It is impossible for anyone to say that there is anything in the evidence by either party which could characterize the defendant husband's driving as evincing an intention to inflict injury.

Whether the plaintiff signaled for a left-hand turn or not was a question for the jury to decide. Defendant driver testified unequivocally that he did not see such a signal and there is no proof that he did, but, if the signal were given as the plaintiff claims and it was not observed by the defendant driver, it admits to negligence only and not wilful misconduct.

No question of pleading is involved. There is a total absence of any proof of wanton misconduct.

There was no error in ordering a new trial.

Plaintiff assigns error upon the refusal to give an instruction that contributory negligence was not a defense to either gross negligence or reckless driving. No authority is cited in support of the assignment. We decided otherwise in *Adkisson v. Seattle, supra.*

Error is assigned upon the giving of a "balance of evidence" instruction. *Chase v. Beard,* 55 Wn. (2d) 58, 346 P. (2d) 315, decided that it was not error to give such an instruction, while *Johnson v. Barnes,* 55 Wn. (2d) 785, 350 P. (2d) 471, decided that it was not error to refuse one. Because the matter is dealt with in other instructions, it should be omitted on a retrial.[2]

Error is assigned upon the "sudden emergency" instruction. There is evidence that the emergency was created, in part at least, by the defendants' own negligence, in which event the sudden emergency defense is unavailable. Upon a retrial, the instruction should be so limited. *Sandberg v. Spoelstra,* 46 Wn. (2d) 776, 285 P. (2d) 564.

---

[2]Judge Lloyd L. Wiehl, Instructing a Jury in Washington, 36 Wash. L. Rev. 378, 400:

". . . In the interest of brevity and simplicity, it is suggested that the trial court reject 'evenly balanced' instructions, since the matter is and should be adequately covered by the traditional instruction on burden of proof."

One assignment of error is as follows:

"The trial court erred in failing to dispose of the clear chance issue along with its other rulings on the defendants' motion for new trial."

 This is not an assignment of error but an invitation to search the record, and as such may not be considered. *In re Bellevue,* 59 Wn. (2d) 793, 370 P. (2d) 861.

Error is assigned to the instruction based upon RCW 46.60.120 respecting the turning of a vehicle to enter a private road. We find no error. The instruction coincides with the statute and *Sandberg v. Spoelstra, supra.* The assignment is without merit.

Two of the assignments of error respecting the giving or refusal to give instructions cannot be considered because the instructions given or requested are not set out in the brief as prescribed by Rule on Appeal 42(f), RCW Vol. 0. Error assigned on the refusal to give a requested instruction on certain aspects of the plaintiff's injuries cannot be considered because the medical proof upon which the assignment is based is not brought here.

The order granting a new trial is affirmed with instruction to proceed upon the retrial in accordance with the views herein expressed.

Costs will abide the final result in the action.

FINLEY, C. J., HILL, OTT, and HUNTER, JJ., concur.