[No. 38451.    Department Two.    July 20, 1967.]

DAVE R. ANDERSON, *Appellant,* v. ARTHUR C. BEAGLE, *Respondent.**

*Reported in 430 P.2d 539.

*Robinson, Landerholm, Memovich, Lansverk, Whitesides & Marsh,* for appellant.

*Greer & Frank,* for respondent.

FINLEY, C. J.—Essentially this case involves a run-of-the-mill automobile collision. On a Sunday morning, the defendant Arthur C. Beagle, was driving east on East 39th Street, a 2-lane arterial highway in Vancouver, Washington, at approximately 25 miles per hour, the applicable speed limit. When the defendant was between 75 to 100 feet from "S" Street, which forms a "T" intersection with 39th Street, the plaintiff, Dave R. Anderson, made a right turn onto East 39th Street. The plaintiff testified he stopped at the stop sign at the intersection before turning onto 39th, but both the defendant and his wife testified that the plaintiff did not. The defendant swerved his car across the double dividing line into the westbound lane of 39th Street when he saw the plaintiff make the turn. There was no other traffic in either lane of 39th Street. The defendant, who had not braked or decelerated, was still some 50 feet behind the plaintiff's car after the plaintiff had completed his turn onto 39th Street. Plaintiff accelerated and turned on his left blinker preparing for a left turn into Cherokee Lane, a private roadway which intersects 39th Street about 230 feet east of "S" Street. The defendant continued to drive in the westbound (wrong) lane to the rear of the plaintiff until he saw the turn signal and the plaintiff's reduction in speed to turn onto Cherokee Lane. Defendant then attempted to ease in behind the plaintiff but was unsuccessful, and his right front fender collided with the left rear of the plaintiff's automobile. The collision occurred

about 168 feet from "S" Street where the plaintiff turned onto 39th Street. See the street diagram below:

The plaintiff alleged the defendant was negligent in failing to properly control his automobile, to maintain a proper speed, to maintain a proper lookout, to grant the right of way to the plaintiff, to sound his horn, and to avoid hitting the rear of the plaintiff's car. The defendant denied negligence and alleged that the plaintiff was contributorily negligent. The jury found for the defendant.

On appeal, the plaintiff contends that the trial court erred in giving instruction No. 15 which read as follows:

> A driver of a motor vehicle who desires to make a left-hand turn across a public highway for the purpose of entering upon a private driveway, is required by law to exercise an *extraordinary degree of care* to avoid a collision with other vehicles then using such highway. (Italics ours.)

In the departmental decision of *Ulve v. Raymond,* 51 Wn.2d 241, 245, 317 P.2d 908 (1957), the majority opinion stated:

> This court has never repudiated the doctrine that the degree of care required is that degree which a reasonably

prudent person would have exercised under the same or similar circumstances. *Ewer v. Johnson,* 44 Wn. (2d) 746, 757, 270 P. (2d) 813 (1954).

The concurring opinion in that same case agreed that "a person is required to exercise such care as a reasonably prudent or ordinarily prudent man would exercise under the circumstances." 51 Wn.2d at 255.

The pertinent section of RCW 46.60.120 (4) (a) states:

No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in RCW 46.60.110, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.

The trial court's instruction in the instant matter was erroneous in that it required a higher degree of care of the plaintiff than either the statute or case law provides.

In regard to this issue, the defendant relies on *Enyeart v. Borgeson,* 60 Wn.2d 494, 374 P.2d 543 (1962), and *Sandberg v. Spoelstra,* 46 Wn.2d 776, 285 P.2d 564 (1955), for support for the "extraordinary degree of care" standard specified in instruction No. 15. Although this court in *Sandberg* seemed to endorse the extraordinary care standard, that case did not involve an automobile turning off a highway. The collision in *Sandberg* was caused by a driver returning to the roadway sometime after he had turned off. In the *Enyeart* case, the court found no error in an instruction which, although not quoted or explained, required a driver making a left turn from a public highway to a private driveway to use extraordinary care. The decision in *Enyeart,* however, did not turn on this issue, because the court affirmed on other grounds an order granting a new trial. We thus find neither of the cited cases to be determinative of the propriety of the reference to "extraordinary degree of care" in instruction No. 15 in the instant case.

The plaintiff-appellant further contends that the trial court erred in instructing the jury that:

The operator of a vehicle shall stop as required by law at the entrance to any intersection with an arterial public

highway, and having stopped shall look out for and give right of way to any vehicles upon the arterial highway simultaneously approaching a given point within the intersection, whether or not his vehicle first reaches and enters the intersection: . . . .

As previously noted, the evidence was in conflict as to whether the plaintiff actually did or did not stop at the stop sign before turning onto 39th Street. Plaintiff argues that, even assuming he did not stop at the stop sign, there was insufficient evidence to support a jury determination that such a failure was a proximate cause of the collision, and that therefore, the instruction should not have been given. We think that this question is a very close one. However, on the basis of the record before us, we decline to rule as a matter of law that the plaintiff's failure to stop, if such was the case, could not have been a proximate cause of the accident.

■ The plaintiff-appellant also assigns error to the instruction of the trial court with regard to the duty to signal. The instruction read:

The statutes of the State of Washington provide: "Any stop or turn signal when herein required shall be given either by means of the hand and arm or by a signal lamp or lamps or mechanical signal device. . .

"No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal."

This instruction was given although the defendant admitted that the plaintiff was signaling a left turn and that he saw that signal. By giving this instruction, the trial court erroneously submitted to the jury for consideration an issue upon which there was no dispute. *Symons v. Van Every*, 46 Wn.2d 101, 278 P.2d 403 (1955), *Leavitt v. De Young*, 43 Wn.2d 701, 263 P.2d 592 (1953).

The judgment of the trial court is reversed, and the case is remanded for a new trial under proper instructions.

DONWORTH, ROSELLINI, and HAMILTON, JJ., and BARNETT, J. Pro Tem., concur.