BEZEMEK *v.* CRYSTAL

1. Negligence—Degree of Care—Dangerous Weapon.
   The degree of care required when dealing with a dangerous weapon is the same degree when engaged in the ordinary affairs of business—the care of a reasonable, prudent man under the same circumstances.

2. Negligence—Degree of Care—Dangerous Weapon.
   A man hunting with a rifle is not held to a higher degree of care than a man engaged in the ordinary affairs of life; how-

---

References for Points in Headnotes
[1, 2]  56 Am Jur, Weapons § 23.
[3, 4]  38 Am Jur, Negligence §§ 367, 368.

ever, he must use the care that a reasonably prudent man under the same circumstances would use.

3. TRIAL—INSTRUCTIONS TO THE JURY—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

Instruction to jury that the plaintiff had the burden of proving that both before and at the time of the accident in which he was injured he was using ordinary care for his own safety was harmless error where the trial court had many times properly instructed the jury on the burden of proving contributory negligence.

4. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—IMPUTED NEGLIGENCE—INSTRUCTION TO JURY.

Contributory negligence will not be imputed to a plaintiff for his failure to anticipate the defendant's negligent acts; however, a trial court is not required to include that statement in its charge to the jury.

Appeal from Mecosta, Harold Van Domelen, J. Submitted Division 3 June 3, 1970, at Grand Rapids. (Docket No. 7,868.) Decided October 1, 1970.

Complaint by John Bezemek against Leonard Crystal for negligence. Verdict and judgment of no cause of action. Plaintiff appeals. Affirmed.

*Warner, Norcross & Judd (William K. Holmes,* of counsel), for plaintiff.

*Cholette, Perkins & Buchanan (Edward D. Wells,* of counsel), for defendant.

Before: T. M. BURNS, P. J., and FITZGERALD and BYRNS,* JJ.

T. M. BURNS, P. J. This is a negligence action arising out of a deer-hunting accident in Mescota County on November 25, 1967. On that day, plain-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tiff, defendant, and four companions began hunting just after daybreak and continued to hunt until approximately 11 a.m. At that time, they decided to split their forces to drive a "pot hole" or small swamp.

Plaintiff and two companions established themselves in a line on the east side of the "pot hole" while defendant and two companions approached the swampy area in a line from the west. When several deer ran from the swamp and headed south, defendant fired three times. He failed to hit any of the deer, but one of his shots struck and injured the plaintiff.

The jury returned a verdict of no cause of action. Plaintiff appeals, alleging error in the trial court's instructions to the jury.

Plaintiff first contends that the trial court should have given an instruction on the "high degree of care" required of a man carrying a dangerous weapon. The plaintiff requested and the trial court refused to give the following instruction:

"A higher degree of care is required in dealing with a dangerous instrumentality such as a rifle, than in ordinary affairs of business, which involve little or no risk."

Plaintiff's proposition regarding "degrees of care" is not the law in this state. In *Felgner* v. *Anderson* (1965), 375 Mich 23, 30, the Supreme Court stated:

"In *Frederick* v. *City of Detroit* (1963), 370 Mich 425, we held that it would have been error to charge the jury that the defendant in a negligence case owed the plaintiff a 'high degree of care'. The measure of duty of a negligence-charged defendent is, as stated in *Frederick* at page 431, 'reasonable care *appropriate to the circumstances of the case,* a standard of negligence which allows the fact

finder to determine that some factual circumstances reasonably require greater or lesser diligence than do other circumstances in order to constitute reasonable or due care.' In a legel opinion addressed to bench and bar it is not inappropriate to speak in terms of degrees of care and caution, as a form of legal shorthand; but when a jury of laymen is charged on the common law of negligence, the charge * * * impose[s] a standard measured by that which a reasonably prudent man would regard as reasonably required by the specific factual circumstances of the case."

Therefore, although more diligence is certainly required when dealing with a dangerous weapon than in the ordinary affairs of business, the degree of care required is precisely the same, *i.e.* that of a reasonable, prudent man under the same circumstances. The trial court was, therefore, correct in refusing to give the requested instruction.

Plaintiff also claims error because the trial court refused to give the following instruction:

"In this case, I instruct you that if you find that the defendant Leonard Crystal was negligent, and that he shot the plaintiff, that negligence was *the* proximate cause of plaintiff's injuries." [Emphasis supplied.]

There was, however, also an issue for the jury as to whether the plaintiff was guilty of negligence which proximately caused the accident. If both acts of negligence proximately caused the accident, then defendant's negligence could be no more than a proximate cause of the accident. We, therefore, find no error in the trial court's refusal to give the above instruction.

Plaintiff next contends that the trial court committed reversible error in its charge on the burden of proving contributory negligence. Plaintiff cites

one paragraph where the trial court inadvertently made a misstatement of the law. At all other times the trial court properly charged the jury. The pertinent part of the instruction reads:

"Now, in this case the plaintiff has the burden of proving by a preponderance of the evidence that the defendant was negligent; that his negligence was one of the proximate causes of his injury, and he also has the burden of proving his damages."

"Now, in this case contributory negligence is pleaded as an affirmative defense by the defendant and the defendant has the burden of convincing you jurors by a preponderance of evidence that the plaintiff, himself, was guilty of contributory negligence that contributed to his own injury."

\*        \*        \*

"Now, if you should find by a preponderance of the evidence that the defendant was negligent and by a preponderance of the evidence that the defendant's negligence was one of the proximate causes or a proximate cause of the plaintiff's injury, then it will be necessary—and if you find that the defendant failed to prove that the plaintiff was guilty of contributory negligence which would bar the plaintiff's recovery—then it will be necessary for you to assess damages in this case."

Then we come to the misstatement, upon which plaintiff relies, followed immediately by a proper statement of the defendant's burden in connection with contributory negligence:

"Now, in summary, the plaintiff has the burden of proving by a preponderance of the evidence the following propositions: *that the plaintiff before and at the time of the occurrence was using ordinary care for the safety of himself;* that the defendant acted or failed to act in one of the ways claimed by plaintiff as stated to you in these instructions and in so acting or failing to act, the defendant was guilty

of negligence; that the plaintiff was injured; that the negligence of the defendant was the proximate cause of the injury.

"In this case, the defendant has the affirmative defense of contributory negligence. *The defendant has the burden of proving that defense of contributory negligence.* If you find from your considerations of all the testimony that each of the propositions required of plaintiff have been proved and that none of the defendant's affirmative defenses have been proved, then your verdict should be for the plaintiff. If, on the other hand, you find from your considerations of all the evidence that any of the propositions the plaintiff is required to prove has not been proved or that any one of the defendant's affirmative defenses, namely contributory negligence, has been proved, then your verdict should be for the defendant." [Emphasis supplied.]

The one misstatement by the trial court was error. *Thompson* v. *Llewellyn* (1964), 372 Mich 588; *Cooper* v. *Tranter Manufacturing Inc.* (1966), 4 Mich App 71. The trial court did, however, many times, instruct the jury that the defendant had the burden of proving contributory negligence. Viewed as a whole, therefore, the instructions properly informed the jury as to the burden of proof. It is unlikely that the jury was misled and we, therefore, find that the error was harmless. *Kaminski* v. *Grand Trunk W. R. Co.* (1956), 347 Mich 417 (and cases cited there).

Plaintiff finally contends that the trial court erred in failing to instruct that the plaintiff could assume that defendant would not shoot at him. We agree with the plaintiff that contributory negligence will not be imputed to a plaintiff for his failure to anticipate the negligent acts of the defendant. This does not, however, impose upon the trial court a duty to include such a statement in its charge.

Nowhere in the charge is it stated that contributory negligence on plaintiff's part is imputed from his failure to anticipate that the defendant would shoot at him.    The trial court charged the claims of the parties and charged as to what negligence meant, including both the duty of the defendant and the plaintiff to use due care under the circumstances. Nothing more is required of the trial court.

Affirmed.

All concurred.