[No. 1769-1.   Division One.   November 5, 1973.]

JERRY A. EDGAR et al., *Appellants*, v. DUANE BRANDVOLD et al., *Respondents*.

*Keller, Rohrback, Waldo, Moren & Hiscock, Kenneth L. Cornell*, and *David F. Hiscock*, for appellants.

*Julin, Fosso & Sage, H. C. Fosso, Skeel, McKelvy, Henke, Evenson & Betts*, and *John C. Patterson*, for respondents.

CALLOW, J.—Four friends were quail hunting near Brewster, Washington, on November 30, 1968. One of them hunted by himself while the others continued together. They hunted through the morning and decided to return to the truck of the defendant, John Peterson. They turned and proceeded side by side across a field toward the truck with Peterson on the left, the defendant Brandvold in the center and the plaintiff Edgar on the right. On the way back to the

truck, the plaintiff fell behind the defendants to watch his dog. The two defendants continued on and as they approached the highway, a covey of quail emerged from the bush, flew past the defendants and towards the area from whence the hunters had come. Both defendants turned and each fired two or three shots from their 12-gauge shotguns. The plaintiff, standing from 115 to 125 feet away facing the road, was struck by four pellets, one of which blinded his left eye.

The jury returned a verdict in favor of both defendants. The plaintiff claims that the court erred in failing to give his proposed instruction which read:

> Any person having possession and control of a firearm must exercise the highest degree of care. The utmost caution must be used to the end that harm may not come to others. The degree of care must be commensurate with the dangerous character of the weapon.

The plaintiff further challenges the exclusion of the testimony of his expert witness concerning the standard of care required in the use and handling of a firearm. Our discussion is restricted to the issues as raised by the plaintiff.

■ The proposed instruction properly was refused. The degree of care required of both the defendants and the plaintiff was the care a reasonably prudent person would exercise under the circumstances and commensurate with the risks involved. The degree of care required in any situation is the care needed to avoid the danger presented. Though the hazards of each predicament in life differ, the responsibility remains to meet the hazards, whatever they may be, as a prudent person would meet them. The inquiry that must be answered in every case is whether the party acted with caution equal to the peril. Thus it is for the jury, as reasonable people, to decide whether the actor proceeded with due regard and caution whether he was helping a blind person across the street, handling dynamite or shooting a gun. *Gibson v. Payne*, 79 Ore. 101, 154 P. 422 (1916); *Koontz v. Whitney*, 109 W. Va. 114, 153 S.E. 797 (1930). It is misleading to instruct a jury that they must

require of a party a high, a very high, or an extraordinary degree of care or that a party must have exercised the utmost or extreme caution because of the presence of some recognized dangerous instrumentality in a particular situation. *Ulve v. Raymond,* 51 Wn.2d 241, 317 P.2d 908 (1957); *Hubbard v. Embassy Theatre Corp.,* 196 Wash. 155, 82 P.2d 153 (1938).

The presence of a dangerous instrumentality in any exigency requires that adequate heed and regard be given to such a circumstance. The attention given to that circumstance must meet the standard prudent people would exact of themselves and others. To say that another is to act only with the highest degree of care and extreme caution engenders an element of concern whether one may proceed at all in the face of certain dangers. This impedes instead of assisting evaluation of the acts of a party as negligent or careful and should not be injected into jury deliberations. *Anderson v. Beagle,* 71 Wn.2d 641, 430 P.2d 539 (1967); *Ewer v. Johnson,* 44 Wn.2d 746, 270 P.2d 813 (1954); *State v. Green,* 38 Wn.2d 240, 229 P.2d 318, 23 A.L.R.2d 1397 (1951); *State v. Hedges,* 8 Wn.2d 652, 113 P.2d 530 (1941); *Hinkel v. Weyerhaeuser Co.,* 6 Wn. App. 548, 494 P.2d 1008 (1972); *Tex Brotherton, Inc. v. Lammers,* 4 Wn. App. 886, 484 P.2d 934 (1971); W. Prosser, *Torts* § 34 (4th ed. 1971); 2 F. Harper and F. James, *The Law of Torts* § 16.13 (1956); Annot., 26 A.L.R.3d 561 (1969).[1]

Civil liability for the unintentional shooting of another person is imposed upon a hunter if he has not exercised the care required by the circumstances. Annot., 26 A.L.R.3d 561 (1969). In *Bezemek v. Crystal,* 27 Mich. App. 36, 183 N.W.2d 414 (1971), the court stated at pages 38-39:

---

[1]A line of authority indicates that giving an instruction containing the term "greater degree of care" or "higher degree of care" may not constitute error if the instruction was applicable to the issues in the case. These decisions did not find error in the refusal of instructions applying adjectives to the "degree of care." *Ewer v. Johnson,* 44 Wn.2d 746, 756, 270 P.2d 813 (1954); *Ralston v. Vessey,* 43 Wn.2d 76, 79, 260 P.2d 324 (1953); *Beireis v. Leslie,* 35 Wn.2d 554, 568, 214 P.2d 194 (1950).

Plaintiff first contends that the trial court should have given an instruction on the "high degree of care" required of a man carrying a dangerous weapon. The plaintiff requested and the trial court refused to give the following instruction:

"A higher degree of care is required in dealing with a dangerous instrumentality such as a rifle, than in ordinary affairs of business, which involve little or no risk."

Plaintiff's proposition regarding "degrees of care" is not the law in this state. In *Felgner* v. *Anderson* (1965), 375 Mich. 23, 30, [133 N.W.2d 136, 140], the Supreme Court stated:

[We quote only in pertinent part] ". . . The measure of duty of a negligence-charged defendant is, . . . 'reasonable care *appropriate to the circumstances of the case,* a standard of negligence which allows the fact finder to determine that some factual circumstances reasonably require greater or lesser diligence than do other circumstances in order to constitute reasonable or due care.' . . . when a jury of laymen is charged on the common law of negligence, the charge * * * impose[s] a standard measured by that which a reasonably prudent man would regard as reasonably required by the specific factual circumstances of the case."

Therefore, although more diligence is certainly required when dealing with a dangerous weapon than in the ordinary affairs of business, the degree of care required is precisely the same, *i.e.* that of a reasonable, prudent man under the same circumstances. The trial court was, therefore, correct in refusing to give the requested instruction.

The plaintiff contends that *Olson v. Gill Home Inv. Co.,* 58 Wash. 151, 108 P. 140, 27 L.R.A. (n.s.) 884 (1910), and *Smith v. Nealey,* 162 Wash. 160, 298 P. 345 (1931), are inconsistent with the principles discussed and require the giving of the proposed instruction. Those opinions address themselves to the theory imposing liability for negligently using, possessing or controlling dangerous instrumentalities in relation to children. The quote in the *Olson* case that is misleading when taken out of context stated in part at page 156:

"The degree of care required of persons having the possession and control of dangerous explosives, such as

firearms or dynamite, is of the highest. The utmost caution must be used in their care and custody, to the end that harm may not come to others from coming in contact with them. The degree of care must be commensurate with the dangerous character of the article . . . and is greater and more exacting as respects young children. As to such, the care required to be exercised is measured by the maturity and capacity of the child. . . . What would constitute reasonable care with respect to adults might be gross negligence as applied to a young child. . . . In view of these considerations, the rule of law imposed upon him who possesses such dangerous articles should be more exacting than in the case of a turntable; and, applying the rule to the facts before us, it is clear that the jury was justified in finding negligence upon the part of the defendant. It failed to take proper care of dynamite brought into this vicinity, and left it exposed upon the premises where children had, to the knowledge of its servants, been in the habit of loitering and amusing themselves."

(Citations omitted). The statement outlines the special theory of liability decreed for exposing children to high risk. A reading of the full quote makes it clear that care is not fractionalized into various ranks or gradations but is to be commensurate with the dangerous character of the article involved and the ability of those exposed to the danger to recognize it. The decisions do not propose that a jury should be told that a special criteria should be applied to judge conduct because explosives, firearms or other high risk substances or paraphernalia are involved. In each case, the decision articulated the elements necessary for liability where a child was injured by a dangerous instrumentality and did not pronounce guidelines as to different degrees of care to be taken in special circumstances. *Schock v. Ringling Bros. & Barnum & Bailey Combined Shows*, 5 Wn.2d 599, 105 P.2d 838 (1940), *overruled on other grounds, Potts v. Amis*, 62 Wn.2d 777, 384 P.2d 825 (1963); *Schatter v. Bergen*, 185 Wash. 375, 55 P.2d 344 (1936); *Forman v. Shields*, 183 Wash. 333, 48 P.2d 599 (1935); *Boggess v. King County*, 150 Wash. 578, 274 P. 188 (1929). The instructions as given by the court informed the jury that negligence

was the failure to exercise ordinary care and that ordinary care was the care a reasonably careful person would exercise under similar circumstances. This was the proper guide to their deliberations. The instrumentalities involved were among the circumstances to be considered in those deliberations.

■ The trial court did not permit the firearms expert of the plaintiff to testify that safety required people to be certain of what they were shooting at and that no person was within range of where the gun was aimed. The offer of proof proposed a mixed interrogation covering law and common knowledge. The expert was to be asked in part concerning the standard of care required in the use of a firearm. This was a matter of law to be covered by the instructions to the jury. As to the factual portion of the proposed proof, we agree that such testimony did not require the elucidation of an expert. No special qualifications were necessary to cover that area of inquiry. It may be that the testimony of the expert would have aided their deliberation, but its admission was up to the trial court. *Swartley v. Seattle School Dist. 1*, 70 Wn.2d 17, 421 P.2d 1009 (1966); *Hill v. C. & E. Constr. Co.*, 59 Wn.2d 743, 370 P.2d 255 (1962); C. McCormick, *Evidence* § 13 (E. Cleary 2d ed. 1972). 2 B. Jones, *Evidence* § 14.9 (S. Gard 6th ed. 1972), states on page 607:

> The rule is that in the discretion of the court expert testimony may be excluded if all primary facts can be accurately and intelligibly described to the jury, and if they, as men of common understanding are as capable of comprehending the primary facts and of drawing correct conclusions from them as are the witnesses possessed of special or peculiar training, experience, or observation.
>
> The decisive consideration in determining whether expert opinion evidence is necessary is whether the subject of inquiry is sufficiently beyond common experience that the opinion of an expert would assist the trier of fact, or on the other hand, is one of such common knowledge that men of ordinary education could reach a conclusion as intelligently as the witness.

(Footnotes omitted.)

905

The judgment is affirmed.

SWANSON, C.J., and JAMES, J., concur.

Petition for rehearing denied December 20, 1973.

Review denied by Supreme Court February 4, 1974.