[No. 2132-1. Division One. November 4, 1974.]

JERALD T. SHUCK, *Respondent,* v. EVERETT SPORTS CARS, INC., *Appellant.*

*Cooper, Lyderson & Keithly* and *Donald J. Lyderson,* for appellant.

*Herb & Hedges* and *Michael W. Herb,* for respondent.

CALLOW, J.—The plaintiff, Jerald Shuck, alleged that the defendant, Everett Sports Cars, Inc., an automobile dealer, was guilty of the conversion of his sports car. The court entered judgment for the plaintiff in the sum of $1,443 and costs, and the defendant has appealed.

On Friday, January 7, 1972, at 2 p.m., Shuck went to Everett Sports Cars, Inc., to purchase an automobile. He turned over the keys to his 1969 Jaguar to an employee of the defendant so that the employee could test drive the car to ascertain its condition. During the afternoon, the plaintiff examined or test drove several sports cars offered for sale by the defendant. The findings of fact entered by the trial court tell the story of the transaction as follows:

I.

On January 7, 1972, the plaintiff came to Everett Sports Cars, Inc. in Everett, Washington, to purchase a new vehicle. The plaintiff negotiated with the defendant for the purchase of a 1972 MG automobile, the plaintiff having bargained by offering to trade in a 1969 Jaguar, of which he was the owner, the Jaguar, however, being subject to a security agreement in which a bank was a secured creditor.

## II.

A sales representative from Everett Sports Cars, Inc. wrote up a purported conditional sale[s] contract and obtained the plaintiff's signature thereon. The document outlined a sale whereby the plaintiff would be acquiring the 1972 MG for a total sale price of $4093.20 by trading in the Jaguar, and in addition thereto by paying $2200.00 in cash. The salesman wrote in that the balance due to the secured creditor on the Jaguar was $1500.00. The $1500.00 figure was incorrect, but at the time neither party knew the correct, exact balance which was, in fact, $1950.43. The plaintiff took possession of the MG and the defendant retained the Jaguar over the weekend.

## III.

On Monday morning, January 10, 1972, the defendant advised the plaintiff that they required $2650.00 in addition to the Jaguar rather than $2200.00. It was learned by both parties at that time what the correct balance was on the Jaguar. The plaintiff offered to return the MG motor vehicle and rescind the contract, or, in the alternative, to go through with the original agreement and pay the $2200.00. Defendant rejected both of plaintiff's offers.

## IV.

On or about January 12th, plaintiff returned the MG and surrendered the keys to one of the partners of the premises, but at that time the defendant refused to give up possession of the Jaguar, and although plaintiff made repeated demand for the Jaguar, defendant refused to surrender possession thereof, retained possession and ultimately sold the said Jaguar and defendant kept the sale proceeds thereof.

## V.

The plaintiff's interest in the Jaguar, at the time of the defendant's conversion thereof, was $1443.00 as a net interest ($3392.00 market value less the balance due to the secured creditor of $1950.43).

## VI.

The original negotiations looked towards a cash sale with no extension of credit. A mistake was made in negotiations as to a material fact, and upon learning of the mistake, neither party was willing to waive and, therefore, the purported agreements were abandoned. That

the instrument signed by the parties, though entitled "Security Agreement", was not a security agreement, but both parties intending the transaction to be a cash transaction involving a trade of the defendant's vehicle for the equity in the plaintiff's vehicle, together with cash, which the plaintiff was to receive through a bank loan. That at no time did the defendant contemplate an extension of credit to the plaintiff.

The findings of the trial court are supported by the record and, therefore, stand as verities for consideration on review.

The parties entered into a purported agreement based upon a nebulous understanding on the part of the plaintiff that either the balance due on the Jaguar was approximately $1,500 or, if the balance was a greater amount, that the defendant would accept the arrangement in any event. The defendant, on the other hand, did not so understand the arrangement and apparently intended there to be an agreement only if the balance was approximately the $1,500 figure. Neither party ascertained the true amount due on the Jaguar, but both signed the document which set forth the balance due at $1,500. Under these circumstances, there was not a meeting of the minds of the parties on a material part of the contract—the actual purchase price. Each party had in mind an unexpressed intent which differed from that objectively manifested to the other. The document signed by the parties did not reflect a common understanding of the essential terms of a contract and, therefore, no contract existed between them. *Wetherbee v. Gary*, 62 Wn.2d 123, 381 P.2d 237 (1963); *Richards v. Kuppinger*, 46 Wn.2d 62, 278 P.2d 395 (1955); *Peoples Mortgage Co. v. Vista View Builders*, 6 Wn. App. 744, 496 P.2d 354 (1972).

Judgment properly followed for the plaintiff. The award was based upon the value of the automobile at the time and place of the conversion. *Abbott Corp. v. Warren*, 56 Wn.2d 606, 354 P.2d 926 (1960); *Glaspey v. Prelusky*, 36 Wn.2d 592, 219 P.2d 585 (1950).

■ The defendant offered to prove that a number of vehicles on his business premises were damaged shortly after the transaction. We uphold the rejection of this evidence. The record does not show any connection between the vandalism coincidently suffered by the defendant and the plaintiff. The presentation of the evidence based upon the offer of proof that was made would have opened up the trial to speculation and conjecture and was properly refused.

■ The assignments of error specifically raised having been answered, we may not search the record to find possible errors not claimed. *Hollingbery v. Dunn,* 68 Wn.2d 75, 411 P.2d 431 (1966); *Enyeart v. Borgeson,* 60 Wn.2d 494, 374 P.2d 543 (1962).

The judgment is affirmed.

SWANSON, C.J., and WILLIAMS, J., concur.