MAASS, ELIZABETH T., Associate Judge.
Nathan Zuver, the plaintiff below, appeals a final judgment entered in favor of appellee Gerald Gottner after a jury trial, arguing that the trial court gave an erroneous standard of care instruction. We affirm.
Zuver sued Gottner after a gun accident. Viewed in the light most favorable to Gott-ner, the evidence established that Gottner kept a Glock pistol with a laser sight in his vehicle’s center console. He kept a spare key inside the vehicle’s gas cap. Gottner knew that his seventeen-year-old grandson, David, was aware the key was kept there. David and his seventeen-year-old friend, Billy Mack, used the key to enter the vehicle and take the pistol without permission. Billy was playing with the laser at Zuver’s house when the gun discharged, injuring Zuver.
Zuver sued Gottner, claiming he was “under the duty to exercise the highest degree of care towards” him. He requested that the jury be instructed that Gottner “had a duty to use the highest degree of care for Nathan Zuver’s safety” and that:
The reasonable care required of the owner of-a gun is the highest degree of care. In such a case negligence of a gun owner may consist either in doing something that would not be done or in failing to do something that would be done by very careful persons under the conditions and circumstances then affecting the gun owner.
Instead, consistent with Florida Standard Jury Instruction 4.1, the trial court instructed the jury that:
Negligence is the failure to use reasonable care. Reasonable care is the degree of care which a reasonable careful person would use under like circumstances. Negligence may consist in [sic] either in doing something that a reasonably careful person would not do under like circumstances or in failure to do something that a reasonable careful person would do under like circumstances.
Zuver argues that a gun is a dangerous instrumentality and that a person handling a gun must exercise “the highest degree of care,” citing Kitchen v. K-Mart Corp., 697 So.2d 1200, 1206 (Fla.1997). Kitchen addressed whether the seller of a firearm could be liable to a third party for selling a gun to someone known to be intoxicated who then uses the weapon against the third party. In finding that these facts stated a claim, the Florida Supreme Court adopted Restatement (Second) of ToRts § 390 (1965), which imposes liability for negligent entrustment of a chattel, holding that “the theory of liability advanced by Kitchen falls squarely within traditional and well-established principles of common law negligence in Florida....” Kitchen, 697 So.2d at 1208.
In analyzing whether Kitchen was within the foreseeable zone of risk created by K-Mart’s actions, the court, citing to Skinner v. Ochiltree, 148 Fla. 705, 5 So.2d 605 (1941), and McCain v. Fla. Power Corp., 593 So.2d 500 (Fla.1992), noted the well-established common law principle that a gun is a dangerous instrumentality and that one who handles a gun, therefore, must exercise the highest degree of care. *1261 Zuver seizes on that reference to argue that the court has elevated the duty owed by a gun owner to safeguard his weapon to something higher than a reasonable man standard. Neither Skinner nor McCain requires the imposition of the higher standard of care that Zuver seeks to impose.
In Skinner, the nineteen-year-old plaintiff was operating the spring target ejector in the “high house” at a skeet shooting range. 5 So.2d at 606. The high house was equipped with an aperture through which the plaintiff ejected the target once the gunmen yelled “pull.” Id. The plaintiff had time to move his head and shoulders below the aperture for protection when the target was released. Id. at 607. He was seriously wounded when the defendant fired without giving the command “pull.” Id. at 606. While the court noted that some jurisdictions classify firearms as dangerous instrumentalities, the use of which is subject to the highest degree of care, the case centered on whether it was error to fail to instruct the jury consistent with concepts of negligence. Id. at 608. The court concluded that it was. Id.
In McCain, a mechanical trencher operator was injured when the trencher struck an underground electrical cable. 593 So.2d at 501. The defendant’s employee previously had marked the areas where the trencher could safely be used, and there was evidence the operator was in a “safe” area when the cable was struck. Id. The Florida Supreme Court reversed the district court’s holding that the injury was not foreseeable, noting that foreseeability is relevant in two ways: to determine whether a duty is owed, a question of law, and to determine whether violation of the duty proximately caused the injury, a question of fact. Id. at 502. The court noted that whether a duty is owed is dependent on whether a defendant’s conduct foreseeably creates a “zone of risk.” Id. The court held that a duty was created under the fact pattern presented, but that whether the employee’s conduct foresee-ably and substantially led to the plaintiffs injury was properly a question for the jury. Id. at 504.
Kitchen, Skinner, and McCain addressed only whether a duty was owed, not the degree of duty owed. They recognized the general, common sense proposition that as the risk becomes greater, the care expected becomes greater because the zone of risk is greater: a reasonable man is more careful with a machete than a butter knife because he is more likely to cause injury to more people if the machete is mishandled.
An instruction that Gottner was required to use “the highest degree of care” would have removed from the jury’s determination how much care a reasonable man should use in safeguarding his weapon. That determination was properly left to the jury. Zuver’s counsel was entitled to, and did, argue that Gottner’s actions fell below the reasonable man standard of care, when considered in light of the risk posed by a mishandled gun. Zuver was not entitled to an instruction that Gottner owed a duty of care beyond that of a reasonable gun owner under similar circumstances. See Edgar v. Brandvold, 9 Wash.App. 899, 515 P.2d 991 (1973).

Affirmed.

GROSS and HAZOURI, JJ., concur.