IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint Petition of | ) ) ) ) ) | No. 83465-7-I |
| ALEXANDER JABBAAR KITT, | ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) ) ) | |

VERELLEN, J. — A petitioner is barred from relitigating issues in a personal restraint petition (PRP) that were resolved on their merits in a direct appeal absent a showing that the ends of justice compel a second review. Because Alexander Kitt raises four issues in this PRP that were adequately argued and resolved on their merits in his direct appeal, there is no showing that the ends of justice require us to consider them anew. We also decline to address Kitt's CrR 3.6 issue because it has been inadequately briefed. However, resentencing is required because Kitt's offender score was calculated to include convictions rendered void by State v. Blake.[1]

Therefore, we grant Kitt's PRP in part to correct his offender score and for resentencing on the affected convictions.

_____

[1] 197 Wn.2d 170, 481 P.3d 521 (2021).

## FACTS

When Kitt was 23 years old, he and two juveniles were charged with one count of first degree murder, multiple counts of first degree assault, and unlawful possession of a firearm.[2] They were tried together. A jury found Kitt guilty on all counts and found he was armed with a firearm when he committed the murder and each assault.[3] He was sentenced to 1,010 months' incarceration.

Kitt appealed to this court. Among other issues, his appellate counsel argued that the court erred by not entering a written order and findings following a CrR 3.6 hearing.[4] Kitt filed a statement of additional grounds (SAG) and argued the trial court erred by denying a self-defense instruction, that the court erred by declining a motion to sever, that he received ineffective assistance of counsel because his defense counsel did not request a "third party culpability" instruction, and that the court erred by not considering the Miller[5] youthfulness factors at sentencing.[6] This court affirmed Kitt's conviction and the duration of his sentence.[7] It declined to consider the merits of Kitt's challenge to the trial court's CrR 3.6 ruling.[8]

Our Supreme Court denied Kitt's petition for review.[9] Kitt timely filed this PRP.

---

[2] State v. Kitt, 9 Wn. App. 2d 235, 239, 442 P.3d 1280 (2019).

[3] Id. at 242.

[4] State v. Kitt, No. 49534-1-II, slip op. at 28 (Wash. Ct. App. June 18, 2019), www.courts.wa.gov/opinions/pdf/D2%2049534-1-II%20Published%20Opinion.pdf.

[5] Miller v. Alabama, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012).

[6] Kitt, No. 49534-1-II, slip op. at 40-47.

[7] Kitt, 9 Wn. App. 2d at 237-38.

[8] Kitt, No. 49534-1-II, slip op. at 28.

[9] State v. Kitt, 194 Wn.2d 1010, 452 P.3d 1239 (2019).

ANALYSIS

In this collateral attack on his conviction, Kitt concedes he now raises the same issues that he did in his SAG as part of his direct appeal.[10] A court "will not reconsider a claim that was rejected on its merits on direct appeal unless the petitioner shows that reconsideration will serve the ends of justice."[11] Kitt contends this rule does not apply because he filed his SAG as "an incarcerated pro se [p]etitioner"[12] who was "unable to fully articulate an analysis of the issues raised."[13]

A petitioner may not avoid the general prohibition on relitigating issues addressed on direct appeal "'merely by supporting a previous ground for relief with different factual allegations or with different legal arguments.'"[14] The "ends of justice" require relitigation when the petitioner shows "an intervening change in the law 'or some other justification for having failed to raise a crucial point or argument in the prior application.'"[15] Kitt does not argue an intervening change of law occurred since his first appeal, and he does not cite any authority showing that merely raising an issue pro se entitles him to relitigation of that issue. He appears to argue we should

---

[10] Pet'r's Br. at 19.

[11] Matter of Vandervlugt, 120 Wn.2d 427, 432, 842 P.2d 950 (1992) (citing In re Jeffries, 114 Wn.2d 485, 487, 789 P.2d 731 (1990); In re Taylor, 105 Wn.2d 687, 717 P.2d 755 (1986)).

[12] Pet'r's Br. at 19.

[13] Reply Br. at 5.

[14] In re Yates, 177 Wn.2d 1, 17, 296 P.3d 872 (2013) (quoting In re Pers. Restraint of Davis, 152 Wn.2d 647, 671, 101 P.3d 1 (2004)).

[15] In the Matter of Personal Restraint of Stenson, 142 Wn.2d 710, 720, 16 P.3d 1 (2001) (internal quotation marks omitted) (quoting In re Personal Restraint of Gentry, 137 Wn.2d 378, 388, 972 P.2d 1250 (1999).

reconsider these issues because "[t]he Appeals Court was not afforded the opportunity to review the full legal bases for [his] claims" due to his pro se brief.[16]

The record does not support his argument. Kitt's SAG is well-written and clearly argued. It includes numerous and accurate citations to both case law and the record on appeal. The SAG has complete and thorough legal arguments, citing much of the same authority Kitt again relies upon in his PRP. Appropriately, this court reached the merits of those issues. Because Kitt fails to demonstrate the interests of justice compel relitigation of the issues raised in his SAG, we decline to consider them.[17]

---

[16] Pet'r's Br. at 19.

[17] We note that even if we reached the merits of Kitt's arguments, they would be unavailing.

Kitt argues rehearing is required pursuant to RCW 9.94A.730, the Miller-fix statute, but it is inapplicable. The statute applies to offenders convicted of a crime committed before turning 18, RCW 9.94A.730(1), and Kitt was 23 years old at the time of his crimes. It does not apply.

Nor does the authority cited show the court was required to consider the mitigating factors of youth for a 23-year-old offender. Article I, section 14 requires that a court consider the mitigating circumstances of youth for "'any juvenile defendant.'" Matter of Monschke, 197 Wn.2d 305, 311, 482 P.3d 276 (2021) (quoting State v. Houston-Sconiers, 188 Wn.2d 1, 21, 391 P.3d 409 (2017)); see Matter of Ali, 196 Wn.2d 220, 246, 474 P.3d 507 (2020) (youthfulness must be considered "for crimes committed by children"). But for crimes committed by a young adult, "'age is not a per se mitigating factor.'" Matter of Light-Roth, 191 Wn.2d 328, 336, 422 P.3d 444 (2018) (quoting State v. O'Dell, 183 Wn.2d 680, 695-96, 358 P.3d 359 (2015)). Rather, article I, section 14 requires only that the court consider "the mitigating qualities of youth" for defendants around 18 years old. Monschke, 197 Wn.2d at 326. There is no requirement that a sentencing court consider the mitigating factors of youth for a 23-year-old. See State v. Wright, 19 Wn. App. 2d 37, 46-47, 493 P.3d 1220 (2021) ("Presently, in Washington, the oldest offenders able to rely on protections from punishments that are cruel as applied to youth are 18 to 20 year olds") (citing Monschke, 197 Wn.2d at 329).

If Kitt wanted to raise his relative youthfulness as a mitigating factor, RCW 9.94A.535(1)(e) gave him the option of doing so and afforded the court

This court declined to reach the merits of Kitt's CrR 3.6 challenge, explaining "the inadequacies in the record" prevented effective review.[18] Thus, Kitt is not barred from raising this issue in his PRP. But he fails again to present this issue adequately to allow review. The record in this case exceeds 4,800 pages, and Kitt fails to indicate which parts of it relate to the alleged error.[19] "[A] party must cite 'references to relevant parts of the record' to obtain review."[20] Because "[i]t is not our responsibility to search the record for error," we decline to consider this argument.[21]

Kitt contends, and the State concedes, resentencing is required on his convictions for counts 1 and 7 for first degree murder and first degree assault,

---

discretion to consider it. Light-Roth, 191 Wn.2d at 336 (citing O'Dell, 183 Wn.2d at 698-99). A sentencing court has the discretion to consider attributes of youthfulness for an offender around age 18 as they apply to that individual offender. Monscke, 197 Wn.2d at 323 (citing Miller, 567 U.S. at 477-80; Houston-Sconiers, 188 Wn.2d at 23). Twenty-three-year-old Kitt did not present the court with any evidence that the mitigating factors of youth were present, Kitt, No. 49534-1-II, slip op. at 47, and instead used his opportunity at sentencing to argue he had been wrongly convicted and had not shot anyone. RP (Oct. 12, 2016) at 148-51. Because a sentencing court cannot abuse discretion it was neither asked nor required to exercise, Kitt's argument is unpersuasive.

Kitt's remaining arguments about a self-defense jury instruction, ineffective assistance of counsel, and severance would fail for the same reasons already explained by this court in his direct appeal. Kitt, No. 49534-1-II, slip op. at 40-46.

[18] Kitt, No. 49534-1-II, slip op. at 28.

[19] Pet'r's Br. at 38-39; Reply Br. at 7-8.

[20] State v. Brousseau, 172 Wn.2d 331, 353, 259 P.3d 209 (2011) (quoting RAP 10.3(a)(6)).

[21] State v. Williams, 68 Wn.2d 946, 952, 416 P.2d 350 (1966) (citing Glazer v. Adams, 64 Wn.2d 144, 391 P.2d 195 (1964); Enyeart v. Borgeson, 60 Wn.2d 494, 374 P.2d 543 (1962); Bruce v. Bruce, 48 Wn.2d 229, 292 P.2d 1060 (1956)); see Brousseau, 172 Wn.2d at 353 (declining to review an issue because the defendant failed to identify where the alleged error could be found).

respectively, because his offender score included convictions invalidated under State v. Blake.[22]  We accept the State's concession.[23]

Therefore, we grant Kitt's PRP in part to correct his offender score and for resentencing on counts 1 and 7.

_____

WE CONCUR:

_____                    _____

_____

[22] Pet'r's Supp. Br. at 3-4.

[23] In re Pers. Restraint of Goodwin, 146 Wn.2d 861, 873, 50 P.3d 618 (2002); see In re Pers. Restraint of Call, 144 Wn.2d 315, 332, 28 P.3d 709 (2001) ("A sentencing court acts without statutory authority under the [Sentencing Reform Act, ch. 9.94A RCW] when it imposes a sentence based upon a miscalculated offender score.") (citing State v. Roche, 75 Wn. App. 500, 513, 878 P.2d 497 (1994); State v. Brown, 60 Wn. App. 60, 70, 802 P.2d 803 (1990)); see also State v. Mandanas, 163 Wn. App. 712, 716-17, 262 P.3d 522 (2011) (courts "'have the duty and power to correct an erroneous sentence upon its discovery'") (quoting Call, 144 Wn.2d at 332).